**ORIGINAL**

CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI       1260
JERRY P.S. CHANG      6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
E-mail: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
JACQUELYN K. TOKASHIKI

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 7 2007

at 2 o'clock 31 min PM
SUE _____, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACQUELYN K. TOKASHIKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE FREITAS, Individually and in his Capacity as the Chief of Police, County of Kauai, JOHN DOES 1-5 and JANE DOES 1-5,<br><br>　　　　Defendants. | CIVIL NO. 03-000065 ACK LEK<br><br>PLAINTIFF'S SEPARATE AND CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FILED NOVEMBER 22, 2006; DECLARATION OF JACQUELYN K. TOKASHIKI; DECLARATION OF JERRY P.S. CHANG; EXHIBITS "A" THROUGH "N"; CERTIFICATE OF SERVICE |

**PLAINTIFF'S SEPARATE AND CONCISE STATEMENT OF FACTS
IN OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT FILED NOVEMBER 22, 2006**

PURSUANT TO LOCAL Rule 56.1, Plaintiff JACQUELYN K. TOKASHIKI, by and through her legal counsel, the Law Office of Clayton C. Ikei, hereby submits her Separate and Concise Statement of Facts in Opposition to Defendant's Motion for Partial Summary Judgment.

| FACT | EVIDENTIARY SUPPORT |
|---|---|
| **1-2.** UNDISPUTED.[1] | |
| **3.** PARTIALLY DISPUTED. Plaintiff in her own mind questioned some of the actions Freitas took in running the Police Department, but did not share those feelings with Freitas. She continued to do her work. Freitas did not learn about her personal feelings until her deposition testimony taken after he terminated her and after the complaint was filed. | Tokashiki decl. ¶ 25 |
| **4.** DISPUTED. Wes Kaui is a sworn officer[2] who Tokashiki requested to assist her in securing Freitas' loaded firearm. | Tokashiki decl. ¶ 26 |
| **5.** PARTIALLY DISPUTED. All three letters were written. Tokashiki did obtain permission to have Wes Kaui secure Freitas loaded firearm in the office safe before so doing.<br>Tokashiki requested that the county consider a TRO if another directive from the Police Commission did not prevent Freitas from coming into the police station. | Tokashiki decl. ¶ 26<br><br>**Def.'s Ex. H**, p. 3 at first full para. |
| **6.** DISPUTED. Tokashiki never took Freitas' loaded County-issued firearm which he had failed to surrender as directed by the Police Commission; she requested a sworn officer to remove it from the unlocked drawer where it was located and store it in a secure location as directed by the Police Commission Chair. She refused to answer Freitas' demands about its location because she was afraid for her own personal safety. | Tokashiki decl. ¶ 26<br><br>**Def.'s Ex. H** p. 2 at first full para. |
| **7.** DISPUTED. The transfer was not temporary; after transferring her she was never returned to her position until Freitas terminated Tokashiki's employment. | Tokashiki decl. ¶ 4<br>Ex. **D**<br>Ex. **I** ¶¶ 9-10 |

---

[1] Defendant's Separate and Concise Statement fails to enumerate the allegations of fact; however, Plaintiff has followed the statements in the order in which they were presented.

[2] What Defendant calls a "badged officer."

| FACT | EVIDENTIARY SUPPORT |
|---|---|
| **8.** DISPUTED.[3] Tokashiki explained that she refused as settlement to be appointed to a position working with the ADA because of her experience of being reassigned by Freitas for doing Police Commission work. | **Def.'s Ex. B** at 176:24-177:15 |
| **9.** DISPUTED.  Tokashiki's working conditions changed drastically.  (See Nos. 23 through 26 below.) | Tokashiki decl. ¶¶ 4-7 and 11-14 |
| **10-11.** UNDISPUTED. | |
| **12.** DISPUTED.  The TRO prohibited "**Giving effect** to the termination of Plaintiff's employment effective May 31, 2002 pursuant to the letter of April 26, 2002 issued by Defendant GEORGE FREITAS." [emphasis added] The TRO clearly states the termination had occurred, but barred the County from giving it effect. | Ex. **E** at 3 ¶ 1 (**Def.'s Ex. L** at Bates No. 8, ¶ 1) |
| **13.** PARTIALLY DISPUTED.  Tokashiki continued to do work for the Police Commission until she was terminated from that position in February 2003. | Tokashiki decl. ¶¶ 5-7 and 17 |
| **14.** DISPUTED.  Plaintiff was terminated; her termination was prevented from going into effect by Court Order dated June 3, 2002. Her May 31, 2002 termination was stayed June 3, 2002. (See also Nos. 27-20 below.) | Tokashiki decl. ¶ 10; Ex. **E** at 3 ¶ 1 (**Def.'s Ex. L** at Bates No. 8, ¶ 1) Ex. **M** (see Date block of Appointing Authority Approval) |
| **15.** DISPUTED.  Plaintiff did not submit leave slips.  Plaintiff's vacation was charged prior to January 2003 during the pendency of her worker's compensation claim. After the claim was substantiated, Plaintiff's sick leave was used to supplement her worker's compensation payments. | **Def.'s Ex. R** at 3 (Vivian Akina email at top) |
| **16.** UNDISPUTED. | |

---

[3] Plaintiff would point out this statement is more argument than fact.

-2-

| FACT | EVIDENTIARY SUPPORT |
|---|---|
| **17.** DISPUTED. Plaintiff did not enjoy all benefits of employment; she not accrue additional leave while on leave.<br><br>Plaintiff informed American Savings Bank ("ASB") that she had been terminated from her employment with the County. ASB acknowledged the error on its loan form. | **Def. Ex. R** at 3 (Akina email) penultimate para.<br><br>Tokashiki decl. ¶ 22 and Ex. **B** |
| **18.** DISPUTED. Plaintiff's knowledge and belief was that her income came from her worker's compensation award which, by law, she was permitted to supplement with her accrued sick leave and vacation leave. Baptiste provides no indication of his reasons for termination. | Tokashiki decl. ¶¶ 20-21 and Ex. **A**<br><br>**Def.'s Ex. Q** |
| **19.** DISPUTED. The letter clearly states "we have [Freitas'] termination letter and Mr. Fretias has admitted that he did terminate Ms. Tokashiki from her position with the Kauai Police Department." | **Def. Ex. R** |
| **20.** DISPUTED. Plaintiff inquired from the KPD Personnel Office if she had sick leave and how her pending IA [Industrial Accident] claim would affect her sick leave. The email further states "I'm hoping you still have my records up to the time that my position was moved from KPD." | **Def. Ex. R** |
| **21.** PARTIALLY DISPUTED. Plaintiff did have income after her termination. The source of the income was not her continued employment with the County, but her worker's compensation award. | Tokashiki decl. ¶ 21 |
| **22.** DISPUTED. Plaintiff was terminated. <u>See</u> Nos. 27-29 below. | Ex. **I** ¶ 10<br>Ex. **D**<br>Tokashiki decl. ¶ 9 |
| **PLAINTIFF'S ADDITIONAL STATEMENTS OF FACT** ||
| **23.** Tokashiki never resumed her duties as Secretary to the Chief after Freitas transferred her and after he terminated her effective May 31, 2002. | Tokashiki decl. ¶ 4 |

-3-

| FACT | EVIDENTIARY SUPPORT |
|---|---|
| **24.** Tokashiki was removed from her office and required to work in an office that was ill-equipped to permit her to perform the secretarial duties to the Kauai Police Commission for which she was responsible. | Tokashiki decl. ¶¶ 4-7 |
| **25.** When the Kauai Police Department moved to a new facility, no work space was provided for Tokashiki. It was necessary for the Assistant Chief to alter the library in order to provide Tokashiki with a work space. | Tokashiki decl. ¶¶ 11-12 |
| **26.** Freitas assigned Tokashiki to do the A&T Clerk's work. Tokashiki did the work and, at the insistence of Freitas, performed the work at the A&T clerk's station although that interfered with her ability to do her work for the Police Commission. | Tokashiki decl. ¶¶ 13-14 |
| **27.** Freitas consulted with personnel offices and "persons with knowledge of the area" and terminated Tokashiki on April 26, 2002. | Fretias decl. ¶ 10 (attached as Ex. **I**) |
| **28.** Freitas informed Tokashiki by letter that she was terminated. | Ex. **D** second para. Tokashiki decl. ¶ 9 |
| **29.** Freitas, as the "Appointing Authority Approval," signed the paperwork to terminate Tokashiki on May 10, 2002. It was received at the County of Kauai Personnel Services on May 20, 2002 and approved by the director on May 21, 2002. | Ex. **K** (<u>See</u> signatures at bottom and RECEIVED stamp.) |
| **30.** Tokashiki's termination actually occurred May 31, 2002 "pursuant to Chief's letter." It is so noted in her Kauai Police Department Employment & Change in Status Record. She was first "dismissed," which was corrected to "terminated." The termination was then stayed pursuant to Court Order. | **Def's. Ex. J** at 3 items dated 5/31/02 Exs. **K**, **L**, and **M** |

| FACT | EVIDENTIARY SUPPORT |
|---|---|
| **31.** Tokashiki filled Position Number E24 as Private Secretary to the Chief.<br><br>She was terminated from position Number E24 on May 20, 2002 effective "close of business on 05/31/2002." Her terminated from Position Number E24 was cancelled June 3, 2002 "pursuant to Court Order." | **Def.'s Ex. J** at 2 and 3 (see "Pos. No." column)<br>Exs. **K** and **M** (see date stamp plus "Auth No." and "Remarks" blocks) |
| **32.** Tokashiki was not moved to another position because the proposed plans to do so fell through. | Tokashiki decl. ¶ 18 and 24 |
| **33.** Mayor Baptiste's termination letter states "your employment with the county of Kauai will be terminated effective today." There is no indication as to Position Number. | **Def.'s Ex. Q** at first para. |
| **34.** The County Attorney acknowledged to Tokashiki's former counsel, Lorna Nishimitsu, that "The Mayor specifically denies that Ms. Tokashiki was required to be answerable to her." | Ex. **N** at 2 first para. |
| **35.** The County Attorney acknowledged to Tokashiki's former counsel, Lorna Nishimitsu, that: and that "Chief Freitas' decision for a change of personnel, such is his perogative [sic] and his actions in this regard are circumscribed only by the Constitutions of the United States and the State of Hawaii, the Hawaii Revised Statutes and the Charter of the County of Kauai." | Ex. **N** at 2, third para. |

DATED: Honolulu, Hawaii, January 17, 2007.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JACQUELYN K. TOKASHIKI