STATE OF HAWAII
DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
DISABILITY COMPENSATION DIVISION
KAUAI DISTRICT OFFICE
3060 EIWA STREET, ROOM 02
LIHUE, HAWAII 96766

Claimant: JACQUELYN K TOKASHIKI
2918 PUA NANI ST
LIHUE HI 96766

# DECISION

Employer: RISK MANAGEMENT COORDINATOR
COUNTY OF KAUAI - POLICE DEPT
4444 RICE ST #280
LIHUE HI 96766

Insurance Carrier: BRANDVOLD & ASSOCIATES
ATTN WC CLAIMS
201 MERCHANT ST SUITE 1610
HONOLULU HI 96813

Case No: 40200552
D/A: 1/7/2002

Such investigation of the above-entitled matter having been made as the Director deems necessary, the Director makes the following

## FINDINGS OF FACT

On 1/7/2002, claimant was in the employ of the above-named employer; on said date, claimant sustained a personal injury (stress) by accident arising out of and in the course of employment; said injury was not caused by claimant's willful intention to injure oneself or another or by intoxication. As a result of said injury, claimant was temporarily and totally disabled from work beginning (Waiting period: 2/1/2003 through 2/3/2003) 2/4/2003 through 8/13/2003. Additional temporary total disability benefits shall be contingent upon receipt of medical certification. The matters of permanent disability and disfigurement, if any, shall be determined at a later date. The average weekly wages of the claimant were $846.00.

On 5/21/2002 employer filed an Employer's Report of Industrial Injury (WC-1) denying liability for a claim of injury on 1/7/2002. On 6/19/2002, claimant filed an Employee's Claim for Workers' Compensation Benefits (WC-5) for a claim of injury on 1/7/2002.

A hearing was held on 8/13/2003 to determine compensability and other issues as appropriate. At the conclusion of the hearing, the parties agreed to extend the Director's Decision beyond the statutory sixty-days as the claimant's counsel, Lorna Nishimitsu, was to submit a medical rebuttal from Patrick McGivern, Ph.D., which was filed on 9/11/2003.

WC 10A (Rev 7/00)          Exhibit A

JACQUELYN K TOKASHIKI (40200552)
Page 2

The claimant contends that she suffered stress, depression, and anxiety due to working in a hostile environment and being harassed by the Police Chief. The claimant's counsel, Lorna Nishimitsu, stated that claimant worked as a secretary to the Chief of Police and was secretary of the Police Commission. Counsel Nishimitsu further stated that in August of 2001, a problem arose between the Police Commission and the Chief of Police that resulted in the claimant being harassed and questioned by him. At this point, the claimant felt very scared and the Chief of Police continued to pressure the claimant by trying to find out what actions were going to be taken by the Police Commission. Further, because the claimant was placed in a precarious position, she sought the help of the County Attorney who did nothing. Subsequently, the harassment from the Chief of Police continued through 1/8/2002 at which time the claimant sought treatment with William Renti Cruz, M.D., for stress, depression, and anxiety. Therefore, the claim filed on 6/19/2002 for the injury of 1/7/2002 should be compensable.

The employer contends that the claimant's stress and anxiety resulted from being reassigned on 1/7/2002, and that it is a personnel matter and not work related. The claimant was reassigned to another position on 1/7/2002 and she sought medical care on 1/8/2002. Further, the report of Byron Eliashof, M.D., dated 6/25/2003, indicates claimant suffers from an occupational problem that is not related to an industrial accident. The employer further cites the Labor and Industrial Relations Appeals Board case of Jessanie Marques vs. State of Hawaii, Department of Health, AB 94-511, dated 9/8/95. Therefore, the claim filed on 6/19/2002 should be denied.

Upon review of the entire matter, we find that claimant's stress arose out of and in the course of employment. Apparently, the dispute between the Chief of Police and the Police commission placed claimant in a very precarious position that ultimately manifested on 1/7/2002. Further, we credit the reports of Dr. Renti Cruz, dated 9/5/2002, and Dr. McGivern, dated 9/9/2003, relating claimant's stress, anxiety, depression, and PTSD to the culmination of events that occurred prior to 1/7/2002. Therefore, the claim filed on 6/19/2002 is compensable.

Thereupon the Director makes the following

DECISION

1. Pursuant to Sections 386-21 and 386-26, HRS, said employer shall pay for such medical care, services and supplies as the nature of the injury may require.

2. Pursuant to Section 386-31(b), HRS, said employer shall pay to claimant weekly compensation of $564.00 for temporary total disability from work beginning 2/4/2003 through 8/13/2003 for 27.2857 weeks, for a total of $15,389.13. Additional temporary total disability benefits shall be contingent upon receipt of medical certification.

JACQUELYN K TOKASHIKI (40200552)
Page 3

3. The matters of permanent disability and/or disfigurement, if any, shall be determined at a later date.

BY ORDER OF THE DIRECTOR, OCTOBER 15, 2003.

Original signed by
NORAINE ICHIKAWA
Administrator

APPEAL: This decision may be appealed by filing a written notice of appeal with the Director of Labor and Industrial Relations or the Director's county representative within twenty days after a copy of this decision has been sent.

It is the policy of the Department of Labor and Industrial Relations that no person shall on the basis of race, color, sex, marital status, religion, creed, ethnic origin, national origin, age, disability, ancestry, arrest/court record, sexual orientation, and National Guard participation be subjected to discrimination, excluded from participation, or denied the benefits of the department's services, programs, activities, or employment.