306896.1
WATANABE, ING, KAWASHIMA & KOMEIJI LLP
A Limited Liability Law Partnership

| | |
|---|---|
| JOHN KOMEIJI | # 2498-0 |
| PATSY H. KIRIO | # 5824-0 |
| DAN KO OBUHANYCH | # 7147-0 |

First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone No.: 544-8300

Attorneys for Defendant George Freitas,
in his capacity as Chief of Police, County of Kauai

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAII

JACQUELYN K. TOKASHIKI, also known as ) CIVIL NO. 02-1-0086
Jackie Tokashiki, ) (Injunction)
)
Plaintiff, ) DEFENDANT GEORGE FREITAS'
) MOTION FOR PARTIAL SUMMARY
v. ) JUDGMENT ON COUNTS I, II, II
) (second Count II), III, IV, V, VII and VIII
GEORGE FREITAS, in his capacity as Chief ) OF THE VERIFIED COMPLAINT
of Police, County of Kauai, COUNTY OF ) FILED ON MAY 14, 2002;
KAUAI, a political subdivision of the State of ) DECLARATION OF DAN KO
Hawaii, JOHN DOES 1-10, JANE DOES 1- ) OBUHANYCH; EXHIBITS "A" - "C";
10; DOE PARTNERSHIPS 1-10, DOE ) CERTIFICATE OF SERVICE
CORPORATIONS 1-10, DOE ENTITIES 1- )
10 and DOE GOVERNMENTAL UNITS 1- ) Hearing:
10, ) Date: March 31, 2003
) Time: 1:00 p.m.
Defendants. ) Judge: _____
)
) (No Trial Date Set)

DEFENDANT GEORGE FREITAS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COUNTS I, II, II (second Count II), III, IV, V, VII and VIII OF THE
VERIFIED COMPLAINT FILED ON MAY 14, 2002

COMES NOW, Defendant George Freitas ("Defendant" or "Chief Freitas"), by and

through his attorneys, WATANABE, ING, KAWASHIMA & KOMEIJI LLP, and hereby moves

Exhibit F

this Honorable Court for an Order granting him summary judgment on Counts I, II, II (second Count II), III, IV, V, VII, and VIII of the Verified Complaint filed on May 14, 2002, to the extent that such claims allege violations of state and county civil service laws, rules and regulations. Further, Defendant Freitas moves this Court to dissolve the temporary restraining order currently precluding Defendants from terminating Plaintiff.

This motion is made pursuant to Rules 7, 56 and 65 of the Hawaii Rules of Civil Procedure, Rule 7 of the Rules of the Circuit Courts of the State of Hawaii, and is based upon the attached memorandum in support of motion, the affidavit and exhibits attached hereto, and the entire record and files herein.

DATED: Honolulu, Hawaii February 24, 2003.

JOHN KOMEIJI
PATSY H. KIRIO
DAN KO OBUHANYCH
Attorneys for Defendant George Freitas,
 in his capacity as Chief of Police,
 County of Kauai

MEMORANDUM IN SUPPORT OF MOTION

I. INTRODUCTION

Plaintiff Jacquelyn K. Tokashiki ("Plaintiff") is an at-will, exempt employee. Under Hawaii law, an at-will employee can be terminated without cause and without reason, and an "exempt" employee is not entitled to civil service protection. As an at-will, exempt employee, Plaintiff is not entitled to contest her termination based on state or county civil service laws, rules and regulations. Accordingly, Plaintiff's claims made pursuant to state or county civil service rules and regulations, referenced by Counts I, II, II (second Count II), III, IV, V, VII, and VIII of the Verified Complaint filed on May 14, 2002, should be dismissed as a matter of law.

II. STATEMENT OF RELEVANT FACTS

Plaintiff began employment as Private Secretary to the Chief of Police, County of Kauai, Deputy Chief, County of Kauai and Kauai Police Commission on February 1, 1980. See Stipulation By And Between Plaintiff And Defendants George Freitas And County Of Kauai, filed on June 5, 2002 ("Stipulation"), ¶14. Plaintiff remained in the position of Private Secretary to the Chief of Police since that time, and upon George Freitas' appointment to Chief of Police in 1995, Mr. Freitas retained Plaintiff as his Private Secretary. See Complaint ¶14.

On April 26, 2002, Chief Freitas informed Plaintiff through a letter that her employment was to be terminated effective May 31, 2002. See letter dated April 26, 2002 from Chief George Freitas to Ms. Jackie Tokashiki, attached as Exhibit "J" to Stipulation. The letter thanked Plaintiff for her work but stated that "it is time to make a change in personnel and to seek someone else to serve as the Chief's private and confidential secretary." See Exhibit "J" to Stipulation.

On May 2, 2002, Plaintiff sent a letter to Chief Freitas, the Mayor of Kauai and other County officials, objecting to the termination and requesting immediate reinstatement. See

Complaint ¶ 20. In a letter dated May 9, 2002, the decision to terminate Plaintiff was upheld by the County. See Complaint ¶ 21.

On May 14, 2002, Plaintiff filed the Verified Complaint for Declaratory and Injunctive Relief ("Complaint") in the above-referenced action. In her Complaint, Plaintiff alleges that Chief Freitas and Defendant County of Kauai (collectively "Defendants") are wrongfully terminating her from employment in violation of civil service laws and regulations, the Charter of the County of Kauai, the Rules of the Kauai County Police Commission, the Rules of the Civil Service Commission, and Hawaii Revised Statutes § 76-46 and § 378-62. See Complaint.

Defendant George Freitas, in his capacity as Chief of Police, County of Kauai, now moves for summary judgment on all claims alleging violations of civil service laws, rules and regulations on the basis that Plaintiff, as an at-will, exempt employee, is not entitled to civil service protection.

### III. STANDARD OF REVIEW

A party may obtain summary judgment where the record shows that "there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law." Haw. R. Civ. P. 56(c); Maguire v. Hilton Hotels Corp., 79 Hawaii 110, 112, 899 P.2d 393 (1995). A party moving for summary judgment need not produce actual "evidence" negating the existence of material factual issues, but may rest on the lack of evidence of the essential elements of a claim. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Water Comm'n of the County of Hawaii v. Nat'l Am. Ins. Co., 930 F. Supp. 1411, 1416 (D. Haw. 1996).

Once a party moving for summary judgment has met its burden of proving that there is no genuine issue of material fact, the opposing party must "come forward with specific facts evidencing" a need for trial. Haw. R. Civ. P. 56(e); K.M. Young & Assocs. v. Cieslik, 4 Haw. App.

2

657, 675 P.2d 793 (1983); Water Comm'n, 930 F. Supp. at 1416. A plaintiff must adduce some "significant probative evidence tending to support the Complaint" (T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)) and cannot discharge his burden by allegations in the pleadings, legal argument, or a hope that he can produce material evidence at the time of trial. Henderson v. Professional Coatings Corp., 72 Haw. 387, 819 P.2d 84 (1991). Arguments "based on mere speculation, conjecture or fantasy" are not sufficient to overcome a motion for summary judgment. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986).

IV. ARGUMENT

Partial summary judgment is appropriate in the present case because Plaintiff, an exempt, at-will employee, has no legal basis to contest her termination pursuant to any civil service laws, rules or regulations. Plaintiff is not subject to any civil service protections, and none of the various statutes, rules and regulations cited by Plaintiff in her Complaint have been violated by Chief Freitas. There is no dispute of material fact and Chief Freitas is entitled to judgment as a matter of law.

### A. Plaintiff Is An At-Will Employee and Can Be Terminated At Any Time, For Any Lawful Reason, With or Without Notice.

The employment at-will doctrine is well-established in Hawaii law. Parnar v. Americana Hotels, Inc., 65 Haw. 370, 652 P.2d 625 (1982). Under this doctrine, an employer has the right to discharge an employee "for good cause, **for no cause** or even for cause morally wrong." Id. at 374-375 (emphasis added). In other words, such at-will employment is, "by definition, . . . terminable at the will of either party, **for any reason or no reason at all**." Best Place, Inc. v. Penn America Ins. Co., 82 Hawaii 120, 124 n. 5, 920 P.2d 334 (1996) (emphasis added). Furthermore, there is no duty on the part of an employer to terminate an employee in good faith. Calleon v.

3

Miyagi, 76 Hawaii 310, 315, 876 P.2d 1278 (1994). Accordingly, absent a collective bargaining agreement, a contractual provision, or a statutorily-conferred right which reduces the likelihood of abusive or wrongful discharge, the at-will doctrine prevails. Parnar, 65 Haw. at 375; Shoppe v. Gucci America, Inc., 94 Hawaii 368, 383, 14 P.3d 1049 (2000) (reaffirming at-will employment doctrine in Hawaii established by Parnar).

In this case, it is uncontroverted that Plaintiff is an at-will employee. She has no employment contract and she is not subject to any collective bargaining agreement. Accordingly, there is no question that Chief Freitas has the right to discharge Plaintiff at any time, without cause (see Parnar, 65 Haw. at 374-375) and without reason (see Best Place, 82 Hawaii at 124 fn. 5). After all, employers should be free to terminate employees without judicial second-guessing. See Parnar, 65 Haw. at 377 ("We are not persuaded that protection of employees requires such an intrusion on the employment relationship or such an imposition on the courts").

### B. Plaintiff, As An "Exempt" Employee, Is Not Entitled To Any Civil Service Protection.

Plaintiff unconvincingly argues that she is not subject to the at-will employment doctrine, attempting to rely on the state civil service law, H.R.S. Chapter 76. See Complaint, ¶¶ 30 and 31. However, Plaintiff is statutorily "exempt" from the civil service and is not entitled to any civil service protections.

H.R.S. § 76-77 provides that, "[t]he civil service to which this part applies comprises all positions in the public service of each county, now existing or hereafter established, and embraces all personal services performed for each county, except the following:

\* \* \*

(11)   Positions of one private secretary for each department head.

H.R.S. § 76-77 (emphasis added).

4

In the present case, Plaintiff's position is "Private Secretary" to a department head, the Chief of Police. See Stipulation at ¶ 14. Accordingly, under H.R.S. § 76-77, Plaintiff is statutorily "exempt" from the civil service law. Furthermore, H.R.S. § 76-55 provides that " . . . no employee shall be entitled to membership in civil service unless the employee <u>has been appointed in accordance with law and has satisfied all requirements for appointment</u> . . .." H.R.S. § 76-55 (emphasis added). Plaintiff was never appointed into a civil service position. Simply put, Plaintiff cannot be considered an "employee" as defined in H.R.S. § 76-11 and therefore is not subject to the civil service protections contained in H.R.S. § 76-46.[1]

As an "exempt" employee, Plaintiff is not entitled to any civil service protections and is thus an at-will employee. <u>Gallas v. Sanchez</u>, 48 Haw. 370, 375, 405 P.2d 772 (1965) (civil service protections do not apply to an "exempt" employee). In <u>Gallas</u>, the plaintiff was a former civil service employee who had her civil service status revoked by statute six months prior to her termination. After she was terminated, plaintiff brought an action alleging unlawful dismissal. The Court held that because plaintiff was an exempt employee, she could not claim civil service protection:

---

[1] H.R.S. Chapter 76 is the state civil service law. H.R.S. § 76-46 provides, "[a]n appointing authority may dismiss or demote any employee when the appointing authority considers that the good of the service will be served thereby. Dismissals may be made only for such causes as will promote the efficiency of the service." H.R.S. § 76-46 (emphasis added). Under Chapter 76, an "employee" means "a person <u>holding a position in accordance with this chapter</u> whether permanently or otherwise and whether as an officer or otherwise." H.R.S. § 76-11 (emphasis added).

H.R.S. § 76-46 has two levels of procedural protection: (1) it provides that "employees" may only be dismissed only for such causes as will "promote the efficiency of the service"; and (2) it provides that "regular employees" are entitled to the additional right to receiving a written statement setting forth the reasons for termination ten days prior to termination. H.R.S. § 76-46. The distinction between "regular employees" and "employees" is that the former (i.e. "regular employees") completed their probationary period and the latter (i.e. "employees") have not. See H.R.S. § 76-11. The civil service law <u>does not</u> apply to individuals who are not considered "employees" for purposes of the civil service law, such as Plaintiff.

5

> There is no provision in the public employment laws of this State which provides plaintiff, having only indefinite tenure, with a right of notice and hearing prior to dismissal. At the time of her dismissal plaintiff **was serving at the pleasure of the [employer]**.

Gallas, 48 Haw. at 374 (emphasis added). The Hawaii Supreme Court in Gallas affirmed the directed verdict granted to the employer on the unlawful dismissal lawsuit.[2] In other words, Gallas states that an exempt employee, such as the Plaintiff, is at-will and thus can be terminated "for good cause, for no cause or even for cause morally wrong." See Parnar v. Americana Hotels, Inc., 65 Haw. 370, 374-375, 652 P.2d 625 (1982). See also Bishop v. Wood, 426 U.S. 341, 345-347 (1976) (Supreme Court upheld lower court determination that plaintiff who "held position at the pleasure of the city" was an at-will employee who could be dismissed without cause); Brown v. Hirst, 443

---

[2] Gallas is consistent with the civil service law in other jurisdictions. For example, under the federal Civil Service Reform Act of 1978 ("CRSA"), federal agencies can only take adverse employment actions against "an employee only for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a). Under the CSRA (prior to the 1990 amendments), the definition of "employee" for purposes of the CSRA included only certain groups of individuals in competitive service as well as preference eligibles in the excepted service (i.e. veterans), but excluded other individuals in the "excepted" service. See 5 U.S.C.S. § 7511 (history of amendments). In other words, like Hawaii law, "excepted" (or "exempt") individuals were not considered "employees" for the purpose of the termination provision. See United States v. Fausto, 484 U.S. 439, 447 (1988) (the Civil Service Reform Act displays a clear congressional intent to deny excepted service individuals the protections of 5 U.S.C. 7513). Accordingly, federal courts have held without exception that "excepted" individuals were not entitled to the protection of the federal civil service law, and thus could be terminated at any time without cause, without notice, without a termination hearing, or an opportunity to appeal the decision. See, e.g., Chu v. United States, 773 F.2d 1226, 1228 n.2 (Fed. Cir. 1985) (it is well established that an employing agency is free to discharge excepted service employees without cause); Garrow v. Gramm, 856 F.2d 203, 205 (D.C. Cir. 1988) ("excepted service" employees may be dismissed without cause, without notice, without a hearing or an opportunity to appeal the decision); Fowler v. United States, 633 F.2d 1258, 1262 (2nd Cir. 1982) (the well-recognized rule is that federal employees in the excepted service may be terminated at any time, without a statement of reasons for discharge or appeal rights).
    Likewise, courts in other jurisdictions have consistently and uniformly held that employees exempt from the civil service laws of local government can be dismissed without cause, for any reason the governing body or appointing authority thinks adequate. See, e.g., Hirst, 443 F.2d 899 (exempt employee was employed at the will and pleasure of the city); Adamczyk v. Town of Caledonia, 190 N.W.2d 137, 139 (Wis. 1971) (non-civil service employee could be terminated at the pleasure of the city, without notice or hearing).

6

F.2d 899 (4th Cir. 1971) (per curiam) (exempt employee was employed "at the will and pleasure of the city" and was subject to dismissal so long as it was not in retribution for an exercise of some constitutionally protected right).

      Gallas is dispositive of the instant matter. There is no question that Plaintiff, as an exempt employee, is not subject to any civil service protection and is thus an at-will employee. Accordingly, under Gallas, Chief Freitas is entitled to terminate Plaintiff "for good cause, for no cause or even for cause morally wrong." See Parnar, 65 Haw. at 374-375. To accept any contrary position would be nonsensical. Plaintiff's argument, that while "exempt" she is still entitled to dismissal with "cause," would effectively grant exempt employees the same rights regarding termination as a civil service employee, and would render meaningless the "exempt" job classification. See Metropolitan Dade County v. Petersen, 311 So.2d 119 (Fla. Ct. App. 1975) (allowing an exempt employee to gain property right in his job merely by seniority and past satisfactory job performance would nullify the county's job classifications which exempt numerous categories of employees). Such a result is contrary to both the plain language of the statute[3] and common sense. See Credit Associates of Maui, Ltd. v. Brooks, 90 Hawaii 371, 978 P.2d 809 (1999) (the legislature is presumed not to intend an absurd result, and legislation will be construed to avoid, if possible, inconsistency, contradiction and illogicality). Accordingly, Plaintiff's argument that she is entitled to civil service protections, despite being an "exempt" employee, must fail.

---

[3]The legislature has recently amended the civil service law through Act 253 in the 2000 legislative session. However, these changes were not effective until July 1, 2002, after the decision to terminate Plaintiff was effective. These amendments are not be construed retroactively. H.R.S. § 1-3; Matter of Christian's Estate, 65 Haw. 294, 652 P.2d 1137 (no law has any retrospective operation unless so expressed or obviously intended).

C.  **The County Charter Provisions And Administrative Rules And Regulations Do Not Change Plaintiff's Status As An "Exempt" Employee.**

None of the various charter provisions or administrative rules or regulations alleged to have been violated by Chief Freitas apply to an "exempt" employee such as Plaintiff. See Complaint, ¶¶ 22-33.

1.  **The Charter Of The County Of Kauai Does Not Apply To Plaintiff.**

Plaintiff incorrectly alleges that Defendants violated Article VI, Section 6.04(B) and Article XI, Section 11.06 of the Charter of the County of Kauai ("Charter"). Article VI, 6.04(B) of the Charter states that "[d]epartment heads may also suspend, discharge or discipline subordinate employees as may be necessary for the proper conduct of the departments <u>and subject to the classification and civil service laws</u>." See Article VI, 6.04(B) of the Charter of the County of Kauai, (emphasis added) attached as Exhibit "A" to Declaration of Dan Ko Obuhanych. Article XI, Section 11.06 provides that, "[t]he dismissal, suspension, or demotion of any police officer or employee in the police department shall be <u>under procedures set forth by civil service laws and regulations</u>." See Article XI, Section 11.06 of the Charter of the County of Kauai attached as Exhibit "B" (emphasis added) to Obuhanych Dec. According to the plain language of these Charter provisions, Chief Freitas is simply required to follow all applicable civil service laws and regulations in the termination of any employee. As stated above, Chief Freitas has complied with the civil service laws in terminating Plaintiff because she is not a civil service employee, and therefore none of the laws or regulations apply to her.

These Charter provisions do not confer civil service status on an exempt employee such as Plaintiff. In addition to being in direct contradiction of the plain language of the Charter provisions, such a result would be in irreconcilable conflict with H.R.S. § 76-77, which exempts the Plaintiff from the civil service laws. The Court should avoid creating a strained interpretation of

8

these Charter provisions in a manner that conflicts with state law. See H.R.S. § 1-16 (laws in pari materia, or upon the same subject matter, shall be construed in reference to each other); Gamboa v. Rubin, 80 F.3d 1338 (9th Cir. (Haw.) 1996) (court must interpret a statute's provision in a way that is consistent with policies of other provisions); State v. Murray, 63 Haw. 12, 621 P.2d 334 (1980) ("A statute must be construed as part of and in harmony with the law of which it forms a part"); Gamewell Co. v. City & County of Honolulu, 33 Haw. 817 (1936) ("Where two statutes cover the same subject and are not irreconcilable they should be construed so as to give effect to both").

Moreover, even assuming arguendo that the Charter provisions are in conflict with state civil service law, state law controls on matters relating to civil service. See HGEA v. County of Maui, 59 Haw. 65, 576 P.2d 1029 (1978) (conflict between charter provisions and state law relating to civil service results in latter prevailing); City & County of Honolulu v. Ariyoshi, 67 Haw. 412, 689 P.2d 757 (1984) (personnel matters, including civil service and compensation matters, remain subject to statewide control). Accordingly, any attempt by the County of Kauai ("County") to grant Plaintiff civil service status through these provisions would exceed its authority and would be void. See, e.g., McGuire v. State of Washington, 791 P.2d 929 (Ct. App. Wash. 1990) (attempt by state Gambling Commission to confer upon an employee the very rights from which the employee is statutorily exempt would be ultra vires and void as a matter of law). In other words, Plaintiff must still be considered an "exempt" employee subject to dismissal at any time, for any reason.

### 2. The Police Commission Rules Do Not Apply To Plaintiff.

Similar to the Charter provisions, Rule 6-2(d) of the Police Commission Rules states that "[i]n accordance with the laws of the State of Hawaii and Charter of the County of Kauai, the Chief of Police shall . . . [d]iscipline or remove any officer or employee of the Department pursuant to procedures set forth by Civil Service laws and regulations." See Rules of the Kauai County Police

9

Commission - Rules on Administrative Practice and Procedure, attached as Exhibit "B" to Stipulation (emphasis added). Again, this rule does not confer civil service status on Plaintiff; it merely states that Defendants must comply with civil service laws and regulations in terminating any employee. Chief Freitas has complied with all civil service rules in terminating Plaintiff, as explained above.

Moreover, if Rule 6-2(d) is interpreted to grant Plaintiff any civil service protection, the rule would be in conflict with state law (which should be avoided under H.R.S. § 1-16, if possible), and state law would control on the issue. See HGEA, 59 Haw. 65; Ariyoshi, 67 Haw. 412 (personnel matters, including civil service and compensation matters, remain subject to statewide control).

### 3. The Rules Of The County Civil Service Commission Do Not Apply To Plaintiff.

Section 14-17 of the Rules of the Civil Service Commission of the County ("CSC Rules") states that "[a]n appointing authority may terminate the services of an <u>employee</u> for any of, but not limited to, the following reasons:

(1) Failure of a non-regular employee to qualify for probationary or permanent appointment to continue the employee's employment.

(2) Failure to meet minimum efficiency standards in the performance of duties.

(3) Contraction of an infectious or contagious disease or any other physical or medical disability which affects fitness and capacity for service.

(4) No placement can be made for an employee affected by a layoff.

(5) Acceptance of other employment during the employee's leave of absence which is contrary to the purpose of the leave.

(6) Refusal of placement by a disabled employee in a suitable position.

(7) No suitable placement can be made for a disabled employee.

See Article 14 of the Civil Service Commission Rules, attached as exhibit "A" to Stipulation ("CSC Rules").

The definition of "employee" in the CSC Rules is limited to "a person holding a civil service position in accordance with civil service law whether in a permanent position or otherwise and whether as an officer or otherwise." See Section 1-10, Rules of the Civil Service Commission for the County of Kauai, attached as Exhibit "C" to Obuhanych Dec. Accordingly, this provision only applies to civil service employees, not "exempt" employees like Plaintiff.

Moreover, if Section 14-17 is interpreted to grant Plaintiff any civil service protection, the provision would be in conflict with state law (which should be avoided under H.R.S. § 1-16, if possible), and state law would control on the issue. See HGEA, 59 Haw. 65; Ariyoshi, 67 Haw. 412.

Simply put, Plaintiff is an at-will, exempt employee who is not entitled to civil service protection. Accordingly, Plaintiff's claims made pursuant to state or county civil service rules and regulations, referenced by Counts I, II, II (second Count II), III, IV, V, VII, and VIII of the Verified Complaint filed on May 14, 2002, should be dismissed as a matter of law.

## V.   CONCLUSION

For the foregoing reasons, Defendant George Freitas, in his capacity as Chief of Police, County of Kauai, moves this Court for an Order granting him summary judgment on Counts I, II, II (second Count II), III, IV, V, VII, and VIII of the Verified Complaint filed on May 20, 2002, to the extent that such claims allege violations of state and county civil service laws, rules and regulations. Further, to enable Defendants to process Plaintiff's termination, Defendant George Freitas requests that this Court also issue an order dissolving the temporary restraining order currently precluding Defendants from terminating the Plaintiff.

DATED: Honolulu, Hawaii February 24, 2003.

_____
JOHN KOMEIJI
PATSY H. KIRIO
DAN KO OBUHANYCH
Attorneys for Defendant George Freitas,
 in his capacity as Chief of Police,
 County of Kauai

12

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| JACQUELYN K. TOKASHIKI, also known as Jackie Tokashiki,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE FREITAS, in his capacity as Chief of Police, County of Kauai, COUNTY OF KAUAI, a political subdivision of the State of Hawaii, JOHN DOES 1-10, JANE DOES 1-10; DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10,<br><br>Defendants. | CIVIL NO. 02-1-0086<br>(Injunction)<br><br>DECLARATION OF DAN KO OBUHANYCH; EXHIBITS "A" - "C" |

## DECLARATION OF DAN KO OBUHANYCH

DAN KO OBUHANYCH hereby declares the following:

1.  I am one of the attorneys representing Defendant George Freitas in the above-referenced matter and have personal knowledge of the matters set forth herein.

2.  I am licensed to practice law before all state and federal courts in the State of Hawaii.

3.  Attached hereto as Exhibit "A" is a true and correct copy of Article VI, 6.04(B) of the Charter of the County of Kauai.

4.  Attached hereto as Exhibit "B" is a true and correct copy of Article XI, Section 11.06 of the Charter of the County of Kauai.

5.  Attached hereto as Exhibit "C" is a true and correct copy of Section 1-10, Rules of the Civil Service Commission for the County of Kauai.

      I, Dan Ko Obuhanych, do declare under penalty of law that the foregoing is true and correct.

      DATED: February 24, 2003

_____
DAN KO OBUHANYCH