

**Maryanne W. Kusaka**
Mayor

**Hartwell H. K. Blake**
County Attorney

## OFFICE OF THE COUNTY ATTORNEY
COUNTY OF KAUA'I, STATE OF HAWAI'I
MO'IKEHA BUILDING
4444 RICE STREET, SUITE 220
LIHU'E, KAUA'I, HAWAI'I 96766-1300
TEL (808) 241-6315
FAX (808) 241-6319

**Deputies**
Amy I. Esaki, First Deputy
Galen T. Nakamura
Margaret Hanson
Laurel Loo
Wayne S. Shimizu
Curtis H. Shiramizu

May 9, 2002

Lorna Nishimitsu, Esq.
Law Offices of Walton Hong
3135-A Akahi St.
Lihue, HI 96766

    Re:    Jackie Tokashiki

Dear Ms. Nishimitsu:

    We have received and reviewed your letter dated May 2, 2002. The Kauai Police Commission does not hire its own secretary. The Commission's secretary has historically been the Chief of Police's personal secretary, and providing secretarial services to the Commission has historically been one of the personal secretary's duties.

    We do, however, want to advise you that the May 3, 2002, letter from Commission Chairman Norman Holt was neither authorized nor approved by the commission or by the County, and it should not be regarded as the County's position in this matter.

    Ms. Tokashiki's continued employment is determined by state law. Part III, Section 76-1 et seq. of the Hawaii Revised Statutes is the controlling authority. Section 76-77 (11) states that "[p]ositions of one private secretary for each department head" are exempt from civil service laws. Your argument that Ms. Tokashiki, pursuant to the Kauai County Charter, is entitled to a hearing in incorrect. When there is a conflict between Part III of Hawaii's Civil Service Law and a county charter, state law will control. Hawaii Government Employees' Association v. County of Maui, 59 Haw. 65 (1978).

    We are unaware that Ms. Tokashiki was answerable to the commission's investigators, this office, and the Office of the Mayor. Ms. Tokashiki cooperated with investigator John Ko as did more than a hundred other potential witnesses. Ms. Tokashiki frequently submitted requests for legal assistance on behalf of the commission, in her role as its secretary. If she is alleging she was required by this Office to perform duties which are outside her job description, please provide details to us so that we may respond to them.

# Exhibit N

Lorna Nishimitsu, Esq.                          -2-                          May 9, 2002

      The Mayor specifically denies that Ms. Tokashiki was required to be answerable to her, and requests that you provide information to support her claim so that we can respond to it.

      Ms. Tokashiki's position description, which she signed in July 1981, specifically states she is under the general supervision of the Chief of Police, the Deputy Chief of Police, and the Commission. Her duties are very specifically delineated.

      Finally, as to your request that the County reverse Chief Freitas' decision for a change of personnel, such is his perogative, and his actions in this regard are circumscribed only by the Constitutions of the United States and the State of Hawaii, the Hawaii Revised Statutes, and the Charter of the County of Kauai.

      Please contact me should you wish to discuss this matter further.

Sincerely,

HARTWELL H. K. BLAKE
County Attorney

HHKB:jg
cc:   Mayor Kusaka
      Police Commission
      County Council
      Chief Freitas