AO88 (Rev. 1/94) Subpoena in a Civil Case

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 6 2007

at 10 o'clock and 40 min. A___
SUE BEITIA, CLERK

# Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

Jacquelyn K. Tokashiki, Plaintiff

V.

George Freitas, Individually and in his capacity as Chief of Police, County of Kauai, et al., Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV 03 00065 ACK LEK

TO: Jack Suyderhoud, Ph.D.
7149 Kukii Street
Honolulu, Hawaii 96825

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Watanabe Ing & Komeiji, LLP, First Hawaiian Bank Building, 23rd Floor, 999 Bishop Street, Honolulu, Hawaii 96813 (808) 544-8300 | February 9, 2007 @ 2:00 p.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "1" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Watanabe Ing & Komeiji, LLP, First Hawaiian Bank Building, 23rd Floor, 999 Bishop Street, Honolulu, Hawaii 96813 (808) 544-8300 | February 9, 2007 @ 2:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendant George Freitas | JAN 17 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Gregg M. Ushiroda, Esq., Watanabe Ing & Komeiji, LLP, First Hawaiian Bank Building, 23rd Floor, 999 Bishop Street, Honolulu, Hawaii 96813 Telephone No.: (808) 544-8300

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/24/2007, 8:50 a.m. | 2404 Maile Way, Room 305, Honolulu, HI 96822 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| JACK SUYDERHOUD, Ph.D. thru his representative JOHN IBASCO | By handing a copy to him and leaving the same with him. |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| LIN T. LAU, | Civil Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   January 24, 2007
              DATE

SIGNATURE OF SERVER   LIN T. LAU,

1138 Hassinger Street, Honolulu, HI 96822
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1.      Any and all files, documents, notes, records, reports, drafts of reports, revisions and/or amendments to reports, research, assessments, recommendations, diaries, and memoranda, which you prepared, researched, reviewed and/or considered and upon which you form the basis of your analysis, opinions and conclusions with regard to claims of economic damages and or losses pertaining to Jacquelyn Tokashiki, (date of birth: January 7, 1951; social security number: 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).

2.      Any and all communications, including but not limited to letters, transmittals, memos, notes, facsimiles and/or emails by, between and among you, Plaintiff Jacquelyn Tokashiki, Plaintiff's attorneys and/or any member, employee or representative of Plaintiff's law firm with regards to this litigation matter.

3.      Any and all files, records and documents, including but not limited to notes, memoranda, reports, research materials, assessments, evaluations, investigative reports, diaries, or any other information, which Plaintiff Jacquelyn Tokashiki, Plaintiff's attorneys and/or any member, employee or representative of Plaintiff's law firm provided to you with regards to this litigation matter.

Exhibit "1"