IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACQUELYN K. TOKASHIKI, | ) CIVIL NO. CV 03 00065 ACK LEK |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF EX ) PARTE MOTION |
| v. | ) |
| GEORGE FREITAS, Individually and in his capacity as Chief of Police, County of Kauai, JOHN DOES 1-5 AND JANE DOES 1-5, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF
AMENDED EX PARTE MOTION**

I. **INTRODUCTION**

Pursuant to Rule 7 of the Federal Rules of Civil Procedure ("FRCP"), and Local Rule 7.2 of the Rules of the United States District Court for the District of Hawaii ("Local Rules"), Defendant GEORGE FREITAS ("FREITAS") respectfully requests that this Court enter an order to seal Exhibit "C" attached to FREITAS' Concise Statement of Facts In Support Of His Motion For Summary Judgment, which was filed on November 27, 2006.[1]

---

[1] The request to seal Exhibit "C" is made without waiving any rights regarding the confidentiality of the information contained therein, and without waiving any rights to seek appropriate relief and damages for the improper disclosure of such information.

## II. FACTUAL BACKGROUND

On November 22, 2006, FREITAS submitted the following documents to this Court for review and filing: (1) FREITAS' Motion for Summary Judgment, (2) FREITAS' Concise Statement of Facts in Support of His Motion for Summary Judgment ("Concise Statement"), and (3) FREITAS' Ex Parte Motion to File Under Seal His Motion for Summary Judgment and Concise Statement of Facts in Support of His Motion for Summary Judgment ("Motion to Seal").

On November 27, 2006, this Court entered an Order Regarding Ex Parte Motion to Seal Documents which granted FREITAS leave to amend his Motion to Seal to "identify the specific exhibits, if any, for which 'compelling reasons' exist to keep under seal." See Order Regarding Ex Parte Motion to Seal Documents, filed November 27, 2006. This Court further ordered that FREITAS' Motion for Summary Judgment and Concise Statement remain under seal until further notice. See id.

## III. ARGUMENT

If a document attached to a dispositive motion does not fall within one of the two categories of "traditionally kept secret" documents,[2] then the party seeking to seal the judicial record must satisfy the "compelling reason" standard. See

---

[2] The two recognized categories of "traditionally kept secret" documents include: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).

Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "That is, the party must 'articulate compelling reasons supported by specific factual findings.'" See id. (citations omitted). In general:

> "[C]ompelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.

See id. at 1179 (citations omitted).

"Compelling reasons" exist to warrant the sealing of Exhibit "C" attached to FREITAS' Concise Statement. Accordingly, FREITAS requests that the instant Ex Parte Motion be granted.

### A. Exhibit "C" Attached to FREITAS' Concise Statement is a Confidential Document Protected From Public Disclosure by State Statute and Kaua'i Police Commission Rules

The information sought to be sealed consists of a one-paged memorandum authored by Plaintiff JACQUELYN TOKASHIKI ("Plaintiff"), which is an excerpt from the report of a confidential internal police investigation commenced by the Kaua'i Police Commission ("Commission") against former Kaua'i Police Department ("KPD") Police Chief FREITAS. See Declaration of Karen Y. Arikawa ("Arikawa Dec") at ¶ 4.

Plaintiff's memorandum, which is attached as Exhibit "C" to FREITAS' Concise Statement, is protected from public disclosure pursuant to State statute and Commission rules.

Specifically, the document is protected from disclosure by the Hawaii Revised Statutes ("H.R.S.") § 92F-14(b)(4)(B) which states, in pertinent part, that an individual has a "significant privacy interest" in "Information in an agency's personnel file, or applications, nominations, recommendations, or proposals for public employment or appointment to a governmental position . . . See Haw. Rev. Stat. § 92F-14(b)(4)(B).

Rule 6-1(f)(3)(c) of the Rules of the Kaua'i County Police Commission Rules on Administrative Practice and Procedure also provides, in pertinent part, that "Details of the investigation [of any charges against the conduct of the Kaua'i Police Department or any of its members] **shall** be considered confidential and **shall not be released or discussed with any persons other than the [Police] Commission [of the County of Kaua'i, State of Hawai'i]**." See Exhibit "A" (emphasis added).

As recognized by State statute, FREITAS has a "significant privacy interest" in maintaining the confidentiality of the investigative report. See Haw. Rev. Stat. § 92F-14(b)(4)(B). And, pursuant to the applicable Commission rules, the investigative report is to remain confidential. Accordingly, any disclosure of Exhibit "C", which is an excerpt from the confidential investigative report, to the general public including the media would violate FREITAS' "significant privacy rights" in contravention of the relevant State statute and

- 4 -

Commission rules. FREITAS thus seeks to file under seal Exhibit "C" of his Concise Statement to preserve the confidential nature of the investigative report.

### B. "Compelling Reasons" Exist To Seal Exhibit "C" Attached To FREITAS' Concise Statement.

As stated above, "compelling reasons" to seal court records are found to exist when "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." See Kamakana, 447 F.3d at 1179 (citations omitted). Such "compelling reasons" exist here.

FREITAS received a copy of the investigative report from **Plaintiff** who produced it during the course of discovery in this litigation.[3] See Arikawa Dec at ¶ 6. It is unclear what authority Plaintiff had to even review the investigative report since all statements taken during the investigation were to remain confidential, and the report was to be returned to the County of Kaua'i without distribution, as required by Commission rules. See Arikawa Dec at ¶ 7. Plaintiff, however, not only reviewed the report, but also had in her possession a copy of the complete report.

---

[3] By referring to Plaintiff's statement to the investigator which she produced during in this litigation, FREITAS does not intend to waive any rights or claims that he may have against Plaintiff or persons from whom she received the investigative report.

- 5 -

During Plaintiff's deposition, Plaintiff testified that she obtained a copy of the investigative report of FREITAS from former Commission chair Dede Wilhelm who "had [documents] in a bag. She was throwing it out as rubbish, and told me to stop by and come pick it up if I needed it." See Deposition Testimony of Jacquelyn Tokashiki, dated March 4, 2004 ("Tokashiki Depo") attached hereto as Exhibit "B" at 148:19-22. Plaintiff "went through the documents to see what might have been useful for my - for me in my situation. I made copies, and I sent them to my attorney. And I shredded it and - I shredded the - whatever I got from Commissioner Wilhelm, and I threw it away." See Tokashiki Depo at 149:18-23.

The complete investigative report of FREITAS was included with the documents that Plaintiff received from Dede Wilhelm. See Tokashiki Depo at 150:1-2. Plaintiff had no concerns regarding the confidentiality of the report, and did not verify with the Commission whether she was authorized to receive the report from Dede Wilhelm (see Tokashiki Depo at 151:22-24), or whether she could use the report as part of her lawsuit (see Tokashiki Depo at 151:25 - 152:2). The report, therefore, was improperly obtained, and if allowed to be public, could be used as a vehicle for improper purposes.

Indeed, Plaintiff has previously attempted to use documents that she improperly obtained to the undue prejudice of

FREITAS. <u>See</u> Order Granting in Part and Denying in Part Defendant George Freitas' Motion to Strike Portions of Complaint and Attachments filed on March 20, 2003 at p. 6 ("Indeed, from the face of the Complaint and documents, it appears to this Court that Plaintiff may be attaching these exhibits for the improper purpose of harassing or embarrassing Defendant. It is quite clear, therefore, that retention of the exhibits will unduly prejudice Defendant and they should be stricken.")

The moving papers in this lawsuit similarly provide ample evidence that the relationship between FREITAS and Plaintiff has been severely strained, and that Plaintiff has, in the past, acted out of private spite for FREITAS (e.g., admonishing FREITAS about his living arrangements with his then girlfriend, now wife; openly storming out of a meeting because of her disagreement with FREITAS; suggesting that FREITAS apply for another job, etc...), and has circulated libelous statements about FREITAS (e.g., badmouthing FREITAS to officers in his chain of command who later filed complaints against FREITAS based, at least in part, on statements by Plaintiff).

FREITAS would be especially prejudiced by the public disclosure of the Exhibit "C" because it is only being offered for the limited purpose of demonstrating when Plaintiff believes that her relationship with FREITAS began to deteriorate. The

remaining allegations in the exhibit are simply inflammatory, and are likely to promote public scandal since the allegations involve the former Chief of the KPD, as well as to promote the circulation of libelous statements since the most significant and serious claims against FREITAS were ultimately dropped after a thorough investigation was conducted, which included review of the contents of Exhibit "C". FREITAS accordingly seeks to seal Exhibit "C" to preserve the confidential nature of investigative report, and to prevent the use of the report by Plaintiff, or others supportive of her position, as a "vehicle for improper purposes such as the use of the records to gratify private spite, promote public scandal, [or] circulate libelous statements." See Kamakana, 447 F.3d at 1179 (internal quotations omitted).

## IV.  CONCLUSION

For the foregoing reasons, FREITAS respectfully requests that this Court enter the attached Order Granting Defendant George Freitas' Amended Ex Parte Motion to File Under Seal Exhibit "C" Attached to His Concise Statement of Facts in Support of His Motion For Summary Judgment, and order all parties receiving copies of FREITAS' Concise Statement of Facts to

preserve and protect the confidentiality of the information contained in Exhibit "C" attached thereto.

DATED: Honolulu, Hawaii, January 30, 2007.

_____
JOHN T. KOMEIJI
GREGG M. USHIRODA
KAREN Y. ARIKAWA
Attorneys for Defendant
George Freitas, Individually and
in his capacity as Chief of Police,
County of Kauai