384002.1
WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership

JOHN T. KOMEIJI      #2498-0
GREGG M. USHIRODA    #5868-0
KAREN Y. ARIKAWA     #7684-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail Address: karikawa@wik.com


Attorneys for Defendant
**GEORGE FREITAS, JR., Individually and
in his capacity as the Chief of Police,
KAUAI COUNTY POLICE DEPARTMENT**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JACQUELYN K. TOKASHIKI, | ) | Civil No. CV 03 00065 ACK KSC |
| Plaintiff, | ) | **DEFENDANT GEORGE FREITAS' REPLY** |
| | ) | **MEMORANDUM IN SUPPORT OF HIS** |
| vs. | ) | **MOTION FOR SUMMARY JUDGMENT;** |
| | ) | **CERTIFICATE OF SERVICE** |
| GEORGE FREITAS, JR., | ) | |
| Individually and in his | ) | HEARING |
| capacity as the Chief of | ) | DATE:    March 12, 2007 |
| Police, Kauai County, JOHN | ) | TIME:    9:30 a.m. |
| DOES 1-5 and JANE DOES 1-5, | ) | JUDGE:   Honorable Alan C. Kay |
| | ) | |
| Defendants. | ) | TRIAL:   April 24, 2007 |
| | ) | |
| | ) | |

**DEFENDANT GEORGE FREITAS' REPLY MEMORANDUM IN
SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Pursuant to LR 7.4 and 7.5 and all applicable rules of

procedure, Defendant GEORGE FREITAS ("FREITAS"), individually,

and in his capacity as Chief of Police, County of Kaua'i, by and

through his attorneys, WATANABE ING & KOMEIJI LLP, hereby submits

his reply to the points raised by Plaintiff JACQUELYN K. TOKASHIKI's ("Plaintiff") in Plaintiff's Memorandum in Opposition to Defendant George Freitas' Motion for Summary Judgment, filed on January 18, 2007 ("Opposition").

I.   **INTRODUCTION**

Plaintiff's Opposition is filled with contradictions and unsupported allegations that fail to generate any basis to deny FREITAS' Motion for Summary Judgment ("Motion").  Indeed, Plaintiff admits and/or does not dispute and/or cannot dispute the following points in her Opposition: (1) that Plaintiff continued to report to work, full-time, until at least December 6, 2002, which is over six months **after** the date of her alleged "termination"; (2) that Plaintiff continued to receive salary and benefits as an employee of the County of Kaua'i until she was terminated by Mayor Bryan J. Baptiste on May 10, 2004, which is two years **after** she commenced her action in State Court on May 14, 2002, and fifteen months **after** she commenced this action on February 10, 2003; and (3) that Plaintiff requested a temporary restraining order against FREITAS because she was allegedly afraid of him, and therefore, clearly did not want to continue working with FREITAS.

The record evidences that Plaintiff was not terminated by FREITAS, and that her transfer was necessary and appropriate under the circumstances.  Plaintiff, therefore, did not suffer

the alleged injuries stated in her Complaint, and summary
judgment in favor of FREITAS on the sole remaining claim against
him – that Plaintiff's First Amendment right to Freedom of Speech
was violated when she was allegedly transferred and terminated
from her employment by FREITAS – is appropriate, as a matter of
law.

## II.  DISCUSSION

Plaintiff insists that she was subject to adverse
employment actions when the undisputed evidence establishes the
contrary.  Plaintiff readily admits that she continued to work
full-time, until at least December, 2002, after which she then
allegedly worked from home until February, 2003.[1]  See Opposition
at p. 3.  It is thus unclear how Plaintiff can continue to deny
the fact that she was not terminated by FREITAS on May 31, 2002.

With respect to Plaintiff's temporary transfer to the
Administrative & Technical Services Bureau ("A&T Bureau"),

---

[1]    By a letter dated March 3, 2003, Plaintiff was
terminated from her position as the secretary to the Kaua'i
County Police Commission "based on Ms. Tokashiki's access to
documents as an employee of the police department and commission
secretary, and the public release of those documents as exhibits
to Tokashiki v. Freitas, Civ. No. 03-00065 ACK")."  See FREITAS'
Objections and Reply to Plaintiff's Separate and Concise
Statement of Facts in Opposition to FREITAS' Motion for Summary
Judgment Filed 11/22/06 ("Reply SOF") at Ex. "S".  Plaintiff,
however, continued to remain employed by the County of Kaua'i
until she was terminated by Mayor Bryan Baptiste in a letter
dated May 10, 2004.  See FREITAS' Concise Statement of Facts in
Support of His Motion for Summary Judgment filed on November 27,
2006 ("SOF") at "Q".

- 3 -

Plaintiff attempts to characterize her transfer as a retaliatory act through her reliance on self-serving comments supported only by Plaintiff's own Declaration.  Plaintiff, however, never addresses her alleged "fear" of FREITAS, which was apparently significant enough to prompt her to request a TRO against him. It is now inequitable for Plaintiff to hide behind her retaliation claim when Plaintiff clearly did not wish to continue working with FREITAS.

Plaintiff's final argument in opposition to FREITAS' Motion is that the "law of the case" doctrine precludes FREITAS from disputing certain alleged findings by this Court and the Ninth Circuit Court of Appeals.  Plaintiff's reliance on the doctrine, however, is completely misplaced under the circumstances here.  The law of the case doctrine therefore fails to warrant the denial of FREITAS' Motion.

The undisputed evidence in this lawsuit reflects that Plaintiff was not subject to any adverse employment action by FREITAS.  Accordingly, FREITAS is entitled to summary judgment on Plaintiff's sole remaining claim, as a matter of law.

**A.    PLAINTIFF ADMITS THAT SHE WAS NEVER TERMINATED FROM HER EMPLOYMENT WITH THE COUNTY OF KAUA'I BY FREITAS**

Plaintiff's Opposition contains a convoluted series of allegations that do not dispute the fact that Plaintiff admittedly continued to report to work full-time until at least December 6, 2002, which is over six months after the date of her

alleged termination.  <u>See</u> Opposition at p. 3; Tokashiki
Declaration at ¶¶ 16-17.  Plaintiff simply was not terminated
from her employment as she contends in her Complaint.

     Despite Plaintiff's admission that she was not
terminated by FREITAS on May 31, 2002, Plaintiff alleges in her
Opposition that she was somehow "in actuality terminated" even
though Plaintiff admits that the State Court issued an Order
Granting Plaintiff's Motion for Issuance of Temporary Restraining
Order, filed on June 3, 2002 ("TRO") which specifically
"prohibited" anyone from giving effect to any termination.  <u>See</u>
Opposition at pp. 18-19; SOF at Ex. "L".  Plaintiff thus defeats
her own position because she acknowledges that she was not
terminated by FREITAS on May 31, 2002, as alleged in her
Complaint.

     In further contradiction to her position, Plaintiff
alleges that the TRO was not "lifted" until, at earliest, June
17, 2003 when FREITAS' summary judgment motion was granted by the
State Court.  <u>See</u> Opposition at p. 19.  Although Plaintiff argues
that her "termination was allowed to go into effect" at that
time, Plaintiff produces absolutely no evidence to establish that
she was, in fact, terminated from her employment at that time.
Rather, the evidence reflects the opposite to be true.  That is,
even after the Order Granting Defendant George Freitas' Motion
for Partial Summary Judgment, Filed On February 25, 2003 was

- 5 -

filed in the State Court on June 17, 2003, Plaintiff continued to receive salary, benefits, and even a pay raise as an employee of the County of Kaua'i for an additional **eleven months** until she was terminated by Mayor Bryan Baptiste through a letter dated May 10, 2004. See SOF at Ex. "J", "M", "N", "O", "Q", and "R"; see also Reply SOF at Ex. "T". Plaintiff therefore was not terminated upon the filing of any Order in the State Court.

Plaintiff cannot seriously believe her allegation that she thought she was "being paid under workers' compensation and not as a salaried employee of the County" in light of her February 22, 2004 email to Vivian Akina of the Kaua'i Police Department Personnel Department in which she specifically inquired about the accumulation of vacation time and the use of her sick leave. See Opposition at p. 21; SOF at Ex. "R"; Reply SOF at "T". Indeed, Plaintiff would not have had access to, nor could she even contemplate accumulating any vacation and/or sick leave if she were actually terminated by FREITAS, as she represents to this Court.

Relatedly, Plaintiff's steadfast claim that she believed she had been "terminated" is disingenuous given her admission that she did not even learn of the resolution of the worker's compensation matter until October, 2003, which is still one year and five months **after** the date of her alleged termination by FREITAS. See Opposition at p. 20. Plaintiff

- 6 -

clearly must have had knowledge during the interim that she had
not been terminated by FREITAS.

Plaintiff's "explanation" of her alleged conversation
with the American Savings Bank employee regarding her loan
application is similarly suspect because it is entirely
inconsistent that Plaintiff could be "terminated" from her
employment on the one hand, and yet continue to use her "sick
leave" on the other. <u>See</u> Opposition at p. 21. Plaintiff also
never addresses her deposition testimony when she admitted under
oath that she was "never terminated" as of the date of that
deposition, which was March 4, 2004. <u>See</u> SOF at Ex. "B", 74:19-
21. Plaintiff's own sworn testimony thus refutes her untenable
position.

The undisputed evidence establishes without question
that Plaintiff simply was not terminated from her employment by
FREITAS on May 31, 2002, as she has persistently represented to
this Court. Plaintiff therefore cannot rely upon any alleged
"termination" as the basis for her First Amendment retaliation
claim against FREITAS, and FREITAS is entitled to summary
judgment on the issue, as a matter of law.

**B.  PLAINTIFF'S TRANSFER WAS NECESSARY AND WARRANTED
    UNDER THE CIRCUMSTANCES AND WAS NOT AN ADVERSE
    EMPLOYMENT ACTION**

It is disingenuous for Plaintiff to hide behind a claim
of retaliation, and to support it with purely self-serving and

unsupported statements as purported "evidence", when Plaintiff

does not dispute her prior sworn testimony that she was

"uncomfortable" with FREITAS, that she did not trust him, and

that she wanted a TRO issued against him.  See SOF at Ex. "B",

130:15-17, 147:20-148:11.  It is readily apparent that Plaintiff

did not want to continue working with FREITAS.  Plaintiff

therefore has no rational basis to allege that her purported

transfer was retaliatory when it was clearly necessary and

warranted under the circumstances as Plaintiff has alleged them.[2]

In her Opposition, Plaintiff attempts to make much of

the conditions surrounding her alleged temporary transfer through

---

[2]    In her Opposition, Plaintiff attempts to dispute that
her transfer was "temporary."  See Opposition at p. 16.
Plaintiff, however, states later in her Opposition that another
employment position was being located for her.  See Opposition at
p. 20.  Plaintiff thus recognizes that her alleged transfer to
the A&T Bureau was temporary because it obviously was not meant
to be her final position.  Moreover, in another section of
Plaintiff's Opposition, Plaintiff altogether retracts her claim
that she was even transferred from her position as secretary to
the Chief of Police because she argues that "she remained in her
position as secretary to the Chief".  See Opposition at p. 20.
Plaintiff's inconsistencies reflect that even she is unclear as
to exactly what her claims against FREITAS are.

FREITAS notes for the record that Plaintiff's
discussion of the settlement negotiations between the parties
appears to violate Federal Rules of Evidence Rule 408 which
prohibits the introduction of "evidence of conduct or statements
made in compromise negotiations."  See Fed. R. Evid. 408.  Here,
however, since Plaintiff has chosen to include this information
in her brief, FREITAS notes for the record the inconsistencies in
Plaintiff's position within her own Opposition, but does waive
any objection to the admissibility of the of the statements as
purported "evidence" in this lawsuit.

- 8 -

the use of exaggerations and hearsay statements supported only by her own self-serving Declaration.  See Opposition at pp. 14-16. Plaintiff, however, again ignores her prior sworn testimony where she complained about having to work for both the Chief of Police and the Police Commission at the same time.  That is, Plaintiff complained that her "dual role as secretary to the Chief of Police of the KPD and the Kauai Police Commission" was not working for her, and that she did not like being "stuck in the middle."  See SOF at p.3; SOF at Ex. "B", 176:20-177:2. Plaintiff therefore verbally expressed that she did not want to continue working as the secretary to both the Police Commission and the Chief of Police.  Plaintiff should not now be allowed to create issues when none previously existed simply because it is convenient to suit her purpose.

Nowhere in Plaintiff's Opposition does she address the applicable law cited by FREITAS in his Motion.  Perhaps that is because, despite all of Plaintiff's newly presented "complaints" regarding her alleged transfer, Plaintiff admittedly received the same salary and continued to accrue sick and vacation leave in the same manner during the entire duration of her temporary transfer.  See SOF at Ex. "J" and "R"; Reply SOF at Ex. "T".  In fact, Plaintiff even received a pay raise during that time period.  See SOF at Ex. "J"; Reply SOF at Ex. "T".  The alleged transfer therefore **could not** be considered an "adverse employment

- 9 -

action." <u>See</u> <u>Strother v. Southern California Permanente Medical Group</u>, 79 F.3d 859, 869, n.12 (9th Cir. 1996) (citing <u>Yates v. Avco Corp.</u>, 819 F.2d 630, 638 (6th Cir. 1987)).

The undisputed evidence establishes that Plaintiff's temporary transfer was not an "adverse employment action" because the transfer was necessary and warranted under the circumstances, and did not result in any reduction of pay or benefits. FREITAS is therefore entitled to summary judgment on this issue, as a matter of law.

     C.    **THE LAW OF THE CASE DOCTRINE DOES NOT APPLY BECAUSE NO COURT HAS HELD THAT PLAINTIFF ESTABLISHED ANY PRIMA FACIE CASE OF RETALIATION**

Plaintiff's final argument in support of her Opposition, that the "law of the case" doctrine applies, is replete with misstatements of fact and incorrect assertions of law. Plaintiff alleges that this Court previously "determined that Plaintiff established a prima facie case of retaliation for her First Amendment right including that Freitas' transfer and subsequent dismissal of Plaintiff are each adverse employment actions for the purpose of this case." <u>See</u> Opposition at p. 17. Plaintiff further states that the Ninth Circuit "noted ... that neither party contested this Court's finding that Plaintiff's transfer and dismissal were adverse employment decisions." <u>See</u> Opposition at p. 17. Plaintiff therefore argues that the law of the case doctrine applies to prevent FREITAS from arguing that

- 10 -

the alleged transfer and dismissal do not constitute adverse employment actions.  See Opposition at p. 17.  Plaintiff's arguments are baseless.

As this Court repeatedly stated in its Order Denying Defendant's Motion for Summary Judgment filed on March 9, 2004 ("Order re: Freitas' MSJ"), when evaluating a motion for summary judgment, the evidence and all reasonable inferences drawn therefrom are to be considered "in the light most favorable to the nonmoving party."  See Order re: Freitas' MSJ at pp. 11-12, 25, 30, 31.  This Court therefore evaluated all of the evidence and inferences in the context of determining whether FREITAS was entitled to qualified immunity.  This Court **was not** asked to determine whether or not Plaintiff, in fact, established a claim for First Amendment retaliation.  Indeed, this Court specifically cautioned in its Order re: Freitas' MSJ that its decision was only **"for purposes of this motion . . ."**  See Order re: Freitas' MSJ at p. 31 (emphasis added).  This Court, therefore, indicated its intent to make preliminary determinations for the sole purpose of evaluating FREITAS' pending motion as it related to the applicability of qualified immunity.

Plaintiff's argument that this Court somehow determined some conclusion of law in its Order re: Freitas' MSJ takes this Court's ruling completely out of context.  Under these circumstances, the law of the case doctrine does not apply

- 11 -

because the specific issue of whether the alleged transfer and purported dismissal constituted adverse employment actions was not "decided explicitly or by necessary implication" by this Court.  See Rebel Oil Company, Inc. v. Atlantic Richfield Company, 146 F.3d 1088, 1093 (9th Cir. 1998) (citations omitted).

Plaintiff also ignores the fact that FREITAS did not discover that Plaintiff had not, in fact, been terminated from her employment, as she has continuously maintained, until after FREITAS filed his motion for summary judgment.  Therefore, even if this Court were to determine that it had previously reached a conclusion of law, which it plainly should not, the law of the case doctrine is inapplicable because upon remand from the Ninth Circuit[3], this case no longer involved the same evidence.  This Court, therefore, has the "discretion to depart from the law of the case...", if the doctrine were to even apply.  See Rebel Oil Co., Inc., 146 F.3d at 1093 (citing Unitd States v. Alexander,

_____

[3]    Plaintiff takes overreaching liberties with the inferences she draws from the Ninth Circuit's statement that "neither party contested this Court's finding that Plaintiff's transfer and dismissal were adverse employment decisions."  See Opposition at p. 17.  The Ninth Circuit did not conclude, as a matter of law, that the alleged transfer and purported dismissal constituted adverse employment decisions.  Rather, the Ninth Circuit simply commented on its observation that neither party contested the finding.  Moreover, FREITAS could not have raised additional facts or issues to the Ninth Circuit when such issues and facts were not considered by the District Court when evaluating FREITAS' motion for summary judgment on the issue of qualified immunity.  See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.")

106 F.3d 874, 876 (9th Cir. 1997) ("The doctrine is not a limitation of a tribunal's power, but rather a guide to discretion. A court may have discretion to depart from the law of the case where . . . the evidence on remand is substantially different. . .") Plaintiff's reliance on the law of the case doctrine is clearly misplaced.

The undisputed evidence in this record reflects that Plaintiff cannot establish a crucial element to her First Amendment claim – that she was subject to any "adverse employment action" by FREITAS. Summary judgment in favor of FREITAS should therefore be granted, as a matter of law.

III. **CONCLUSION**

For the foregoing reasons, FREITAS respectfully requests that the Court grant FREITAS summary judgment on all remaining claims alleged in Plaintiff's Complaint.

DATED: Honolulu, Hawaii, March 1, 2007.

      /s/ GREGG M. USHIRODA
JOHN T. KOMEIJI
GREGG M. USHIRODA
KAREN Y. ARIKAWA
Attorneys for Defendant George Freitas,
Individually and in his capacity as
Chief of Police, County of Kauai

- 13 -