384204.1
WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership

JOHN T. KOMEIJI     #2498-0
GREGG M. USHIRODA   #5868-0
KAREN Y. ARIKAWA    #7684-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone No. (808) 544-8300
Facsimile No.  (808) 544-8399
E-Mail Address:  karikawa@wik.com

Attorneys for Defendant
**GEORGE FREITAS, JR., Individually and
in his capacity as the Chief of Police,
KAUAI COUNTY POLICE DEPARTMENT**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACQUELYN K. TOKASHIKI,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GEORGE FREITAS, JR.,<br>Individually and in his<br>capacity as the Chief of<br>Police, Kauai County, JOHN<br>DOES 1-5 and JANE DOES 1-5,<br><br>　　　　Defendants.<br>_____ | Civil No. CV 03 00065 ACK KSC<br><br>DEFENDANT GEORGE FREITAS'<br>OBJECTIONS AND REPLY TO<br>PLAINTIFF'S SEPARATE AND CONCISE<br>STATEMENT OF FACTS IN OPPOSITION<br>TO DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT FILED 11/22/06;<br>CERTIFICATE OF COMPLIANCE;<br>DECLARATION OF GREGG M.<br>USHIRODA; EXHIBITS "S"-"U";<br>CERTIFICATE OF SERVICE<br><br>DATE:  March 12, 2007<br>TIME:  9:30 a.m.<br>JUDGE: Honorable Alan C. Kay<br>TRIAL: April 24, 2007 |

**DEFENDANT GEORGE FREITAS' OBJECTIONS
AND REPLY TO PLAINTIFF'S SEPARATE AND CONCISE
STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT FILED 11/22/06</u>**

Defendant GEORGE FREITAS ("FREITAS") submits his objections and reply to Plaintiff's Separate and Concise Statement of Facts n Opposition To Defendant's Motion for Summary Judgment filed 11/22/06, pursuant to Local Rule 56.1 of the Rules of the United States District Court for the District of Hawaii.

| PLAINTIFF'S ALLEGED FACT | OBJECTION AND REPLY |
|---|---|
| 3. <u>See</u> Plaintiff's Fact No. 3. | (1) No genuine issue of material fact. <u>See</u> FREITAS Ex. **B** at 49-51 and FREITAS Ex. **C** to FREITAS' Concise Statement of Facts in Support of His Motion For Summary Judgment. (2) Unsubstantiated and speculative. |
| 4. Wes Kaui is a sworn officer who Tokashiki requested to assist her in securing Freitas' loaded firearm. | (1) Irrelevant. <u>See</u> FREITAS Ex. **B** at 123:17-129:21 and 127:10-12. (2) Inadmissible hearsay in Pltff's Decl. at ¶ 26 under Rule 801 of Federal Rules of Evidence ("FRE"). <u>See also</u> FREITAS Ex. **B** at 127:18-20. (3) Plaintiff doesn't know anything about guns. <u>See</u> FREITAS Ex. **B** at 124:17-18. (4) Undisputed that Plaintiff removed gun without permission. <u>See</u> FREITAS Ex. **H** and Pltff's Decl. at ¶ 26. |

| PLAINTIFF'S ALLEGED FACT | OBJECTION AND REPLY |
|---|---|
| 5.  Tokashiki did obtain permission to have Wes Kaui secure Freitas' loaded firearm in the office safe before so doing.<br><br>Tokashiki requested that the County consider a TRO if another directive from the Police Commission did not prevent Freitas from coming into the police station. | (1) Allegation that Plaintiff "contacted necessary people" unsubstantiated.  See Pltff's Decl. at ¶ 26.  (2) Plaintiff notified Wilhelm after taking gun.  See FREITAS Ex. **B** at 127:24-128:25; FREITAS Ex. **H** at 1.  (3) FREITAS Ex. **H** at 3, first full paragraph speaks for itself. |
| 6.  Tokashiki never took Freitas' loaded County-issued firearm which he had failed to surrender as directed by the Police Commission; she requested a sworn officer to remove it from the unlocked drawer where it was located and store it in a secure location as directed by the Police Commission Chair.  She refused to answer Freitas' demands about its location because she was afraid for her own personal safety. | See Objections to Nos. 4 and 5 above. |
| 7.  The transfer was not temporary; after transferring her she was never returned to her position until Freitas terminated Tokashiki's employment. | TRO did not give effect to termination.  See FREITAS Ex. **L**.  Plaintiff employed by County without interruption to May 10, 2004.  See FREITAS Exhibits **B** at 74:18-21, **M**, **N**, **O** and **R**. |
| 8.  See Plaintiff's Fact No. 8. | No facts cited to dispute FREITAS Concise Fact No. 8. |

- 3 -

| PLAINTIFF'S ALLEGED FACT | OBJECTION AND REPLY |
|---|---|
| 9. Tokashiki's working conditions changed drastically. | (1) Inadmissible hearsay in Tokashiki Decl. at ¶ 7 under FRE Rule 801. (2) Undisputed that transfer did not result in "diminishment of pay or benefits." See FREITAS Exhibits **A** and **J**. |
| 12. See Plaintiff's Fact No. 12. | (1) See Objections to No. 7 above. (2) Inadmissible hearsay in Tokashiki Decl. at ¶ 7 under FRE Rule 801. |
| 13. Tokashiki continued to do work for the Police Commission until she was terminated from the position in February 2003. | (1) Inadmissible hearsay in Tokashiki Decl. at ¶ 7 under FRE Rule 801. (2) Incomplete. See letter from Laurel Loo to Clayton Ikei dated March 3, 2003 at first paragraph, attached as Exhibit "S" to Declaration of Gregg M. Ushiroda ("Ushiroda Decl.") |
| 14. Plaintiff was terminated; her termination was prevented from going into effect by Court Order dated June 3, 2002. Her May 31, 2002 termination was stayed June 3, 2002. | (1) Inadmissible hearsay in Tokashiki Decl. at ¶ 10 under FRE Rule 801. (2) Tokashiki Decl. at ¶ 10 and exhibits cited do not support alleged Facts in No. 14. (3) See objections to No. 7 above. |
| 15. Plaintiff did not submit leave slips. Plaintiff's vacation was charged prior to January 2003 during the pendency of her worker's compensation claim. After the claim was substantiated, Plaintiff's sick leave was used to supplement her worker's compensation payments. | (1) Alleged facts in No. 15 unsupported by evidence in FREITAS Ex. **R** at 3 (Vivian Akina email) (2) See also Affidavit of Vivian Akina dated July 12, 2004 at ¶¶ 8-15 and 18 attached hereto as as Exhibit **T** to Ushiroda Decl. |

| PLAINTIFF'S ALLEGED FACT | OBJECTION AND REPLY |
|---|---|
| 17. Plaintiff did not enjoy all benefits of employment; she not accrue additional leave while on leave.<br><br>Plaintiff informed American Savings Bank ("ASB") that she had been terminated from her employment with the County. ASB acknowledged the error on its loan form. | (1) Plaintiff's alleged facts in No. 17 unsupported by evidence in FREITAS Ex. **R** at 3 (Vivian Akina email) and Plaintiff's Ex. **B**. (2) See FREITAS Ex. **T** at ¶¶ 8-15 and 18. |
| 18. Plaintiff's knowledge and belief was that her income came from her worker's compensation award which, by law, she was permitted to supplement with her accrued sick leave and vacation leave. Baptiste provides no indication of his reasons for termination. | (1) Alleged facts in No. 18 unsupported by evidence in Tokashiki Decl. at ¶¶ 22-23 and FREITAS Ex. **Q**. (2) Alleged facts based on speculation and unsubstantiated impression. (3) See FREITAS Exhibits **J, M, N, O, R** and **T** at ¶¶ 8-15 and 18. |
| 19. See Plaintiff's Alleged Fact No. 19. | No dispute that Plaintiff was receiving compensation for accumulated sick and vacation leave. See FREITAS Ex. **R**; FREITAS Exhibits **J, M, N, O, R** and **T** at ¶¶ 8-15 and 18. |
| 21. Plaintiff did have income after her termination. The source of the income was not her continued employment with the County, but her worker's compensation award. | (1) Inadmissable hearsay in Tokashiki Decl. at ¶ 21 re what she learned from her attorney under FRE Rule 801. (2) Alleged facts unsubstantiated by Tokashiki Decl. at ¶ 21. |
| 22. Plaintiff was terminated. | (1) TRO did not give effect to termination. See FREITAS Ex. **L**. (2) Plaintiff employed by County without interruption up to May 10, 2004. See FREITAS Exhibits **B** at 74:18-21, **M, N, O** and **R**. |

- 5 -

| PLAINTIFF'S ALLEGED FACT | OBJECTION AND REPLY |
|---|---|
| 23. Tokashiki never resumed her duties as Secretary to the Chief after Freitas transferred her and after he terminated her effective May 31, 2002. | See Objections to No. 22 above. |
| 24. Tokashiki was removed from her office and required to work in an office that was ill-equipped to permit her to perform the secretarial duties to the Kauai Police Commission for which she was responsible. | (1) Inadmissible hearsay in Tokashiki Decl. at ¶ 7 under FRE Rule 801. (2) Self-serving, exaggeration, unsubstantiated alleged facts in Tokashiki Decl. at ¶¶ 4 and 6. |
| 25. When the Kauai Police Department moved to a new facility, no work space was provided for Tokashiki. It was necessary for the Assistant Chief to alter the library in order to provide Tokashiki with a work space. | (1) Self-serving statements in Tokashiki Decl. at ¶ 11. Plaintiff only learned that the Police Commission would not get an office in the new police building. See Pltff's depo at 144:1-19 attached hereto as Ex. U to Ushiroda Decl. (2) FREITAS had final say on design for new police station. See FREITAS Ex. B at 147:6-8. (3) Speculation and no factual basis for allegation in Tokashiki Decl. at ¶ 12. (4) Self-serving, exaggeration, unsubstantiated alleged facts in Tokashiki Decl. at ¶ 12. |
| 26. Freitas assigned Tokashiki to do the A&T Clerk's work. Tokashiki did the work and, at the insistence of Freitas, performed the work at the A&T clerk's station although that interfered with her ability to do her work for the Police Commission. | (1) No factual basis for allegation in Tokashiki Decl. at 14 that FREITAS was pressuring Tanabe). (2) Self-serving, exaggeration, unsubstantiated alleged facts in Tokashiki Decl. at ¶¶ 13-14. |

| PLAINTIFF'S ALLEGED FACT | OBJECTION AND REPLY |
|---|---|
| 28. Freitas informed Tokashiki by letter that she was terminated. | See Objections and Reply to No. 22 above. |
| 29. See Plaintiff's Additional Statement of Fact No. 29. | (1) Plaintiff's Ex. K speaks for itself. (2) See Objections to No. 22 above. |
| 30. See Plaintiff's Additional Statement of Fact No. 30. | (1) Plaintiff's Exhibits K, M and M speak for themselves. (2) See Objections to No. 22 above. |
| 31. See Plaintiff's Additional Statement of Fact No. 31. | (1) Plaintiff's Exhibits K and M speak for themselves. (2) See Objections to No. 22 above. |
| 32. Tokashiki was not moved to another position because the proposed plans to do so fell through. | (1) Plaintiff's alleged facts in Tokashiki Decl. at ¶ 24 are unsubstantiated conclusions and beliefs. (2) Plaintiff's alleged facts in Tokashiki Decl. at ¶ 18 re tentative offer falling through and reasons why she declined job offer are self-serving, unsubstantiated and are conclusory. |
| 33. See Plaintiff's Additional Statement of Fact No. 33. | FREITAS' Ex. Q speaks for itself. |
| 34. See Plaintiff's Additional Statement of Fact No. 34. | Plaintiff's Ex. N speaks for itself. |
| 35. See Plaintiff's Additional Statement of Fact No. 35 | Incomplete quote. |

## FREITAS' STATEMENT OF ADDITIONAL FACTS

| FACT | EVIDENCE |
|------|----------|
| Plaintiff was employed at KPD from February 1, 1980 through May 10, 2004. | FREITAS Ex. T at ¶ 8. |
| After January 7, 2002, Plaintiff was not subject to any decrease in pay, continued to enjoy benefits and continued to report to work, full-time, until December 6, 2002. | FREITAS Ex. T at ¶¶ 9-10. |
| Between December 2002 and May 2004, Plaintiff withdrew vacation and sick leave, and received holiday pay. | FREITAS Ex. T at ¶ 11. |
| Between June 1, 202 and May 10, 2004, Plaintiff paid over $80,000, including overtime pay. Plaintiff received pay raise on July 1, 2002. | FREITAS Ex. T at ¶ 13-14. |
| Plaintiff continued to receive compensation as an employee of County until terminated by Mayor Baptiste on May 10, 2004. | FREITAS Ex. T at ¶ 15. |

DATED:  Honolulu, Hawai'i, March 1, 2007.

/s/ Gregg M. Ushiroda
**JOHN T. KOMEIJI**
**GREGG M. USHIRODA**
**KAREN Y. ARIKAWA**
Attorneys for Defendant
GEORGE FREITAS, Individually
and in his capacity as Chief of
Police, County of Kauai