ORIGINAL

384299.2

WATANABE ING & KOMEIJI LLP

JOHN KOMEIJI        # 2498-0
GREGG M. USHIRODA   # 5868-0
KAREN Y. ARIKAWA    # 7684-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone No.: 544-8300
Facsimile No.: 544-8399
E-mail address: gushiroda@wik.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 6 2007

at 3 o'clock and 48 min. P M
SUE BEITIA, CLERK

Attorneys for Defendant
George Freitas, Individually and
in his capacity as Chief of Police,
County of Kauai

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACQUELYN K. TOKASHIKI, | CIVIL NO. CV 03 00065 ACK KSC |
| Plaintiff, | |
| v. | DEFENDANT GEORGE FREITAS' FINAL PRETRIAL STATEMENT |
| GEORGE FREITAS, Individually and in his capacity as Chief of Police, County of Kauai, JOHN DOES 1-5 AND JANE DOES 1-5, | |
| Defendants. | TRIAL: April 24, 2007 |

**DEFENDANT GEORGE FREITAS' FINAL PRETRIAL STATEMENT**

Comes now, Defendant GEORGE FREITAS ("FREITAS"), by and
through his attorneys, WATANABE ING & KOMEIJI, LLP, and pursuant
to Rule 16.6 of the Local Rules for the United States District
Court for the District of Hawaii, hereby submits his Final
Pretrial Statement.

## I.    JURISDICTION AND VENUE

Plaintiff JACQUELYN K. TOKASHIKI ("Plaintiff"), alleges federal subject matter jurisdiction over her claims concerning violation of her civil rights under 28 U.S.C. §§ 1331 and 1343(a)(3) and 42 U.S.C. § 1983.

Plaintiff alleges venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

Defendant FREITAS denies that Plaintiff has any valid claims to assert that jurisdiction and venue are properly with this Court.

## II.   SUBSTANCE OF ACTION

The present lawsuit, as well as the related lawsuit filed in state court, arises from Plaintiff's claim that she was wrongfully terminated from her at-will, exempt employment with the County of Kaua'i ("County").  Plaintiff was formerly employed in the position of Personal Secretary to the Chief of Police of the Kauai Police Department ("KPD"), who was Defendant FREITAS at the time.  Plaintiff, however, was never terminated from her employment by Defendant FREITAS, as she has consistently alleged.

On February 10, 2003, Plaintiff commenced the instant action alleging two causes of action against Freitas in her Complaint for Declaratory and Injunctive Relief and Damages ("Complaint"), filed February 10, 2005 – (1) denial of due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution, and ("Due Process Claim")

-2-

(2) violation of Right to Freedom of Speech in violation of the First and Fourteenth Amendments to the United States Constitution ("Freedom of Speech Claim").

Plaintiff's Due Process Claim has been dismissed by District Judge Alan C. Kay by way of summary judgment granted in favor of Defendant FREITAS. Accordingly, all that remains is Plaintiff's Freedom of Speech claim, although not in its original form since it has been significantly streamlined by the various decisions of the District Court and the Ninth Circuit Court of Appeals.

Defendant FREITAS defends his actions and asserts the following defenses:

1.    Plaintiff was not terminated from her employment by Defendant FREITAS

2.    Plaintiff has not demonstrated her administrative remedies are inadequate as required by 42 U.S.C. § 1983.

3.    Defendant FREITAS has not violated a federal right.

4.    Defendant FREITAS in his official capacity cannot be held liable under the doctrine of *respondeat superior* for the actions of agents or employees under 42 U.S.C. § 1983.

5.    Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

6.    Plaintiff has no property interest in her continued employment entitling her to due process.

7.   Plaintiff's speech and/or actions were not protected by the First and Fourteenth Amendments to the United States Constitution.

8.   Plaintiff was not terminated for engaging in activity protected by the First Amendment.

9.   Defendant FREITAS' interests in reassigning Plaintiff outweighed her alleged First Amendment rights.

10.  Plaintiff has suffered no injury and thus lacks standing to maintain this action.

11.  Defendant FREITAS will rely upon the defense of absolute or qualified immunity.

12.  Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of Hawaii's workers' compensation law, including Hawaii Revised Statutes § 386-5.

13.  Defendant FREITAS intends to rely upon the defense of avoidable consequences and/or failure to mitigate damages.

14.  Plaintiff is not entitled to punitive damages.

15.  Plaintiff's claim for punitive damages violates the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

16.  Defendant FREITAS is not liable for the performance or nonperformance of discretionary functions or duties.

-4-

III. **UNDISPUTED FACTS**

　　1.  Defendant FREITAS is a resident of the County and Island of Kauai, State of Hawaii and is the former Chief of Police of the KPD.

　　2.  Plaintiff was at all relevant times herein an at-will, "exempt" employee of the County.

　　3.  In early August 2001, Defendant FREITAS called Police Inspector Melvin Morris into his office.

　　4.  Defendant FREITAS prepared and forwarded letters to County Attorney Hartwell Blake on August 22, 2001 and August 23, 2001.

　　5.  Defendant FREITAS reassigned Plaintiff to another administrative unit within KPD on January 7, 2002.

　　6.  Defendant FREITAS delivered to Plaintiff a letter dated April 26, 2002.

　　7.  Plaintiff reported to work, full-time and without interruption, up until December 6, 2002.

　　8.  Plaintiff was still employed by the County at the time that Plaintiff filed her Federal Court Complaint on February 10, 2003.

　　9.  Plaintiff received a pay raise on July 1, 2002.

　　10. Plaintiff listed the County as her employer on a loan application to American Savings Bank dated March 19, 2004.

11.  Mayor Bryan Baptiste sent Plaintiff a letter dated May 10, 2004 informing Plaintiff that her employment with the County "will be terminated effective" May 10, 2004.

12.  Plaintiff remained an employee of the County until she was terminated by Mayor Baptiste on May 10, 2004.

## IV.  DISPUTED FACTUAL ISSUES

All allegations of wrongdoing are denied and therefore disputed.  Defendant FREITAS denies that he violated any of Plaintiff's rights.  He denies that Plaintiff was subjected to any adverse employment action and further denies that engaging in any unlawful acts of retaliation.  Defendant FREITAS disputes that Plaintiff engaged in protected conduct and/or protected speech. Defendant FREITAS further disputes Plaintiff's claim for emotional distress.

## V.  RELIEF PRAYED

In the Complaint, Plaintiff prays for the following relief against Defendant FREITAS:

1.  That the Court declare and adjudge that the acts complained of in the Complaint violated Plaintiff's Freedom of Speech.

2.  That the Court grant Plaintiff injunctive relief against Defendant FREITAS in his official capacity, ordering him to reinstate Plaintiff to her former or comparable employment

position, and enjoin him from further acts of harassment and retaliation as a result of the exercise of her freedom of speech.

    3.  An award of compensatory damages not less than $250,000.00.

    4.  An award of punitive damages against Defendant FREITAS in an amount to be determined at trial but not less than $250,000.00.

    5.  An award of special damages, including but not limited to back pay and employment benefits, front pay and medical costs.

    6.  An award of attorneys' fees and costs.

## VI.  POINTS OF LAW

    Defendant FREITAS submits the following as the anticipated disputed points of law in this matter:

### A.  First Amendment Claim

    To establish a claim for violation of the First Amendment, Plaintiff must prove:

> (1) that [Plaintiff] engaged in protected speech;
> (2) that [FREITAS] took "adverse employment action"; and (3) that [Plaintiff's] speech was a "substantial or motivating" factor for the adverse employment action.

Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir. 2003) (citing Board of County Comm'rs v. Umbehr, 518 U.S. 668, 675, 116 S.Ct. 2342, 2347 (1996)).

B.    <u>Qualified Immunity Is Presumed To Apply</u>

Under <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982) and its progeny, government officials are entitled to qualified immunity from claims for civil damages for conduct that does not violate "clearly established federal statutory or constitutional rights of which a reasonable person would not have known." <u>Harlow v. Fitzgerald</u>, 457 U.S., 800, 818 (1982); <u>Davis v. Scherer</u>, 468 U.S. 183, 197 (1984). The doctrine has "been defined quite broadly" so as to protect all but "the plainly incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986).

Qualified immunity is **presumed** to apply, and plaintiff bears a "heavy burden" to overcome that presumption. <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987); <u>Davis</u>, 468 U.S. at 197. Appellee cannot discharge that burden by making general references to First Amendment protections. That is, the "inquiry into whether or not a claimed right was 'clearly established' must focus **not** in a general, abstract sense, but rather in a practical 'particularized' sense." <u>Moran v. State</u>, 147 F.3d 839, 845 (9th Cir. 1998) (citing <u>Anderson</u>, 483 U.S. at 640) (emphasis added).

C.    **Protected Speech Must Address A Matter Of Public
      Concern**

To establish a violation of the First Amendment, Plaintiff must prove that the "conduct at issue was

-8-

'constitutionally protected'" by satisfying a two part test.  See Board of County Commissioners v. Umbehr, 518 U.S. 668 (1996); Moran, 147 F.3d at 846.  Plaintiff must first show that her speech, at a minimum, addressed a "matter of **legitimate** public concern."  Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir. 2003) (emphasis added).  Without such a showing, the First Amendment is not implicated at all.  Connick v. Meyers, 461 U.S. 138, 146 (1983).

Not every criticism of a government employer constitutes a matter of public concern.  Speech "that concerns 'issues about which information is needed or appropriate to enable members of society to make informed decisions about the operation of their government merits the highest degree of first amendment protection."  Coszalter, 320 F.3d at 973 (citing McKinley v. City of Eloy, 705 F.2d 1110, 1114 (9th Cir. 1983)).  Courts have thus "identified the misuse of public funds, wastefulness, and inefficiency in managing and operating government entities as matters of public concern."  Keyser v. State of Sacramento City Unified School Dist., 238 F.3d 1132, 1136 (9th Cir. 2001) (citing Roth v. Veteran's Admin., 856 F.2d 1401, 1405 (9th Cir. 1988)).

To the contrary, **"speech that deals with 'individual personnel disputes and grievances' and that would be of 'no relevance to the public's evaluation of the performance of governmental agencies' is generally not of 'public concern.'"**

-9-

Coszalter, 320 F.3d at 973-974 (emphasis added); Nunez v. Davis,
69 F.3d 1222, 1227 (9th Cir. 1999); Roe v. City of San Diego, 356
F.3d 1108 (9th Cir. 2004).

"Whether an employee's speech addresses a matter of
public concern must be determined by the **content**, form, and
context of a given statement, as revealed by the whole record."
Connick, 461 U.S. at 147 (emphasis added); Coszalter, 320 F.3d at
973 (citing Allen v. Scribner, 812 F.2d 425, 430 (9th Cir.
1987)).  In the Ninth Circuit, **"content is the greatest single
factor in the Connick inquiry."**  Havekost v. U.S. Dept. Of the
Navy, 925 F.2d 316, 318 (9th Cir. 1991) (emphasis added).

### 1.   Pickering Balancing Test

Even if Plaintiff could prove that her speech involved
a matter of public concern, she must also satisfy her burden to
establish that her "speech [as a] government employee is
constitutionally protected," under the "sensitive and ad hoc"
balancing test of Pickering v. Bd. of Educ., 391 U.S. 563 (1968).
Moran, 147 F.3d at 846; Connick, 461 U.S. at 146 (speech covered
by the First Amendment is not protected until the Court decides
so based on Pickering).

Speech is constitutionally protected under Pickering
**"only if** the employee's right to speak is not outweighed by the
government's interest in avoiding potential disruption."  Moran,
147 F.3d at 846 (emphasis added).  The analysis "necessarily
entails striking a balance between the interests of the

[employee], ..., in commenting on matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." <u>Moran</u>, 147 F.3d at 846; <u>Mount Healthy City Sch. Dist. v. Doyle</u>, 429 U.S. 274, 284 (1977) (citing <u>Pickering</u>, 391 U.S. at 568). The Court should thus consider whether Appellee's speech:

> (a) 'impairs discipline by superiors among co-workers';
>
> (b) 'has a detrimental impact on close working relationships for which personal loyalty and confidence are necessary," and
>
> (c) 'impedes the performance of the [employee's] duties or interferes with the regular operations of the enterprise.'

<u>Rankin v. McPherson</u>, 483 U.S. 378, 388 (1987).

When executing the <u>Pickering</u> balance, courts must "grant public employers **'wide discretion and control over the management of its personnel and internal affairs.'"** <u>Connick</u>, 461 U.S. at 151 (emphasis added). <u>Pickering</u> thus does **"not** require government employers to demonstrate that an employee's speech **actually** disrupted efficient office operation, rather, **'reasonable predictions of disruption are sufficient.'"** <u>Waters v. Churchill</u>, 511 U.S. 661, 668 (1991) (emphasis added).

Importantly, "where loyalty to an employer and the ability to keep confidences are essential to the proper performance of public function, the public employer's interest

will weigh heavily if the employee's exercise of the right would
compromise loyalty and confidentiality, because restricting those
rights may be necessary to preserve the employer's interest in
effective office functioning." McCabe v. Sharrett, 12 F.3d 1558,
1571 (11th Cir. 1994). **"When close working relationships are
essential to fulfilling public responsibilities, a wide degree of
deference to the employer's judgment is appropriate."** Connick,
461 U.S. at 151-52 (emphasis added). "There is no genuine issue
that loyalty and the ability to keep confidences are essential to
the performance" of the job of a secretary to a police chief,
particularly where the secretary has access to confidential
materials. See McCabe, 12 F.3d at 1571.

> [I]t is a matter of common experience that
> **loyalty and the ability to keep confidences
> are essential qualities in a secretary to the
> policymaker such as a police chief.**

Id. (emphasis added)(citing Soderstrum v. Town of Grand Isle, 925
F.2d 135, 141 (5th Cir. 1991)) (other citations. omitted).
Because a high degree of discipline and confidentiality are
essential to a police department, the government's "interest in
regulating its police force can be especially compelling." Waters
v. Chaffin, 684 F.2d 833, 836 (11th Cir. 1982).

### 2.    "Clearly Established" Rights

Because the question of "whether a public employee's
speech is constitutionally protected turns on a context intensive
case-by-case balancing analysis, the law regarding such claims

-12-

will **rarely,** if ever, be sufficiently 'clearly established' to
preclude qualified immunity under Harlow and its progeny."
Waters, 684 F.2d at 836 (citing Baker v. Racansky, 887 F.2d 183,
187 (9th Cir. 1989)) (emphasis added); Dartland v. Metrop. Dade
County, 866 F.2d 1321 (11th Cir. 1989)(because there is no
"bright-line" standard to put an employer on notice, qualified
immunity under Pickering will rarely be denied).

     The Ninth Circuit Court of Appeals has "join[ed] the
chorus of voices from other circuits that have specifically
observed the difficulty of finding clearly established law under
Pickering." Moran, 147 F.3d at 847 (citations omitted). The
Supreme Court has recognized that there exists no clear standard:

> Because of the enormous variety of fact
> situations in which critical statements by
> ... public employees may be thought by their
> superiors ... to furnish grounds for
> dismissal, we do not deem it either
> appropriate or feasible to lay down a general
> standard against which all such statements
> may be judged.

Pickering, 391 U.S. at 569.

     Even if Plaintiff could establish that her speech
addressed a matter of "public concern," courts have routinely
granted qualified immunity to officials who terminate a personal
or confidential secretary in response to speech of "public
concern" where the court found that such speech could disrupt
what is necessarily a relationship of trust. See e.g., McDaniel
v. Woodward, 886 F.2d 311, 315 (11th Cir. 1989) (qualified

immunity for judge who terminated his confidential secretary since the judge "is not required to tolerate action which he reasonably believed would disrupt the office, undermine his authority, and destroy close working relationships.") (citing Connick, 461 U.S. at 154); Soderstrum, 925 F.2d at 140-41 (police chief did not violate First Amendment when he fired secretary); Moran, 147 F.3d at 851 (reversing denial of qualified immunity to State Insurance Commissioner who terminated deputy commissioner after she spoke out on allegedly illegal campaigning activity); McCabe, 12 F.3d at 1574 (affirming qualified immunity to police chief who transferred his personal secretary to a less desirable job after she married a police officer based on Pickering balance).

### D.    Plaintiff Was Never Subjected To An Adverse Employment Action By Defendant FREITAS

To support a violation of the First Amendment in a purported "wrongful termination" case, Plaintiff, as the employee, must establish, among other things, that the "employer took 'adverse employment action'" against her. See Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir. 2003). Plaintiff may prove an "adverse employment action" by showing that she suffered a loss of "governmental benefit or privilege" in retaliation for protected speech activity. See Ulrich v. City and County of San Francisco, 308 F.3d 968, 977 (9th Cir. 2002) citing Hyland v. Wonder, 972 F.2d 1129, 1134-35 (9th Cir. 1992). Although "the

type of sanction need not be particularly great to find that rights have been violated, the plaintiff must nonetheless demonstrate the **loss of a valuable governmental benefit or privilege**." See Nunez v. City of Los Angeles, 147 F.3d 867, 875 (9th Cir. 1998) (internal citations and quotations omitted) (emphasis added). "Mere threats and harsh words are insufficient." Id.at 875.

In her Complaint, Plaintiff alleges that her "loss" consists of two actions by Defendant FREITAS: (1) her temporary transfer from her position as Secretary of the Chief of Police on January 7, 2002 and (2) "her subsequent termination from her County employment on April 26, 2002." See Complaint at ¶1. Contrary to these allegations, Plaintiff **was not** terminated from her employment with the County by Defendant FREITAS at the time she filed her complaint. Rather, Plaintiff knowingly remained employed and willingly continued to receive full benefits and pay for **one year and three months after** commencing this lawsuit.[1] Moreover, Plaintiff's temporary transfer from her position as Secretary to the Chief of Police to the Administrative and Technical Services Bureau was necessary and appropriate under the circumstances, even as Plaintiff has described them.

---

[1]    PLAINTIFF was terminated from her employment by Kaua'i County Mayor Bryan J. Baptiste through a letter dated May 10, 2004. At the time of her termination, Defendant FREITAS had already retired as police chief.

-15-

1.    **Plaintiff Was Never Terminated From Her Employment
By Defendant FREITAS**

It is well-settled that not even the threat of

termination can constitute an "adverse employment action" if no

actual termination follows.  In Helgeson v. American

International Group, Inc., 44 F.Supp.2d 1091 (S.D. Cal. 1999),

the supervisor and the plaintiff were discussing the plaintiff's

work load when the supervisor made a comment that the plaintiff

found offensive.  Id. at 1093.  The plaintiff reported the

comment to her direct supervisor who then notified the

supervisor's supervisor.  Id.  The plaintiff claimed that the

employer retaliated against her by "threat[ening] to terminate

her employment, [although the] threat [was] rescinded on the next

business day."  Id.  The court held that a "mere threat of

termination, however, is not an adverse employment action

[because] it had no effect on the terms, conditions, or duration

of employment."  Id. at 1098.

Like the employee in Helgeson, Plaintiff, although

notified of her termination, was never, in fact, terminated by

her employer, Defendant FREITAS.  Therefore, even if Defendant

FREITAS' April 26, 2002 Letter were construed as a "threat of

termination", like the court in Helgeson, this Court should

conclude that a "mere threat of termination ... is not an adverse

employment action."  See Helgeson, 44 F.Supp.2d at 1098.  This is

especially true under these circumstances because any alleged or

perceived "threat" certainly "had no effect on the terms, conditions, or duration of [Plaintiff's] employment." <u>Id</u>. at 1098.

### 2. Plaintiff's Temporary Transfer Cannot Constitute An Adverse Employment Action Because It Did Not Result In Any Loss Of Benefit Or Privilege

The Ninth Circuit recognizes that "[n]ot every employment decision amounts to an adverse employment action." <u>See</u> <u>Strother v. Southern California Permanente Medical Group</u>, 79 F.3d 859, 869 (9th Cir. 1996). For example, there exists no "adverse employment action" when an employee is transferred to a different shift, but the "employee was not demoted, or put in a worse job, or given any additional job responsibilities." <u>See</u> <u>Strother</u>, 79 F.3d at 869, n. 12 (citing <u>Steiner v. Showboat Operating Co.</u>, 25 F.3d 1459, 1465 n. 6 (9th Cir. 1994)). Moreover, a temporary transfer would not constitute an "adverse employment action" if the employee continues to receive the same salary and benefits. <u>See</u> <u>Strother</u>, 79 F.3d at 869, n. 12 (citing <u>Yates v. Avco Corp.</u>, 819 F.2d 630, 638 (6th Cir. 1987)).

Plaintiff's situation is similar to that in <u>Yates</u> where a female employee requested a transfer away from her male supervisor upon her return from sick leave after her supervisor allegedly made sexually suggestive comments to her. <u>See</u> <u>Yates</u>, 819 F.2d at 631. The plaintiff was temporarily demoted until a position comparable to her prior position could be located. <u>Id</u>. at 631. The court in <u>Yates</u> found that although the plaintiff had

-17-

been "demoted a grade level upon her return to work, she
continued to receive the same salary and benefits and was assured
that she would receive the next available Secretary III
position." Id. at 638.  The court therefore concluded that "the
plaintiff's transfer was temporary and resulted in no pay or
benefits reduction [and therefore,] no adverse action was
established..." Id.

As in Yates, Plaintiff's temporary transfer on January
7, 2002, cannot constitute an "adverse employment action."  As
evidenced by her payroll record, Plaintiff maintained the same
level of pay both before and after her temporary transfer, and
she continued to accrue sick and vacation leave in the same
manner.  Plaintiff even admitted in her State Court Complaint
that the transfer "did not involve a diminishment in pay or
benefits."  Moreover, Plaintiff received a pay raise during the
time period in question.  Plaintiff's temporary transfer clearly
did not result in any "loss of any governmental benefit or
privilege."

### E.    Plaintiff Cannot Prove That Any Alleged Protected Speech Was a "Substantial Or Motivating" Factor For Any Alleged Adverse Employment Action.

Based on the Ninth Circuit's ruling, only two acts by
Plaintiff remain in issue – (1) Plaintiff's letter to the editor
in Honolulu magazine; and (2) Plaintiff's August 27, 2001 letter
to the Police Commission, which the Ninth Circuit remanded for

determination of whether Plaintiff was speaking as a citizen or as an employee when she authored the letter.

Defendant FREITAS does not believe that Plaintiff's August 27, 2001 letter to the Police Commission constitutes protected conduct.[2]  Defendant FREITAS also disagrees that Plaintiff's Letter to the Editor constitutes protected conduct[3]. Nevertheless, in either case, Plaintiff has no evidence to establish that the allegedly protected conduct was a "substantial or motivating" factor for Defendant FREITAS transferring Plaintiff (since she clearly was not terminated by Defendant FREITAS).  Rather, the evidence reflects that the relationship between Defendant FREITAS and Plaintiff had deteriorated

---

[2]    Plaintiff's 8/27/01 memoranda contained merely personal attacks against Freitas that did not "report" any "violation" by Freitas, but rather, was prepared **in response to** letters that Freitas authored.  Indeed, it was **Freitas** himself who advised the Commission in his August 22-23, 2001 letters that he had entered the police station after hours to locate his personal items, including his gun.  Plaintiff was not the one who "reported" these acts.

Plaintiff also failed to disclose any "misconduct" on Freitas' part that she purported "reported" since there was never any order or directive that prohibited Freitas from entering the police station.  In fact, the **only** directive that Freitas received merely prohibited him from "**contacting** any [KPD] personnel **regarding any and all matters pertaining to this investigation**" and directed him to submit his department issued items, including his gun and badge "**to Acting Chief Clayton Arinaga**."  Plaintiff, however, effectively prevented Freitas from complying with the request after she took Freitas' service weapon and badge without obtaining any permission, and then lied to him regarding her participation in the act.

[3]    Plaintiff has admitted under oath that her letter "state[d] nothing negative about [Freitas]," and essentially "defended the department." Plaintiff has even **insisted** that she was not commenting on any alleged misconduct by Freitas, and she further testified that she had "no opinion" on the charges raised against him.  Plaintiff has also stated that she "didn't think [her] letter was that anti-Chief or disloyal to Chief Freitas." By Plaintiff's own admission, Plaintiff did not "seek to bring to light actual or potential wrongdoing or breach of public trust."  Such speech therefore should not be determined to address a matter of public concern, and accordingly, should not constitute protected speech.

significantly, and that Defendant FREITAS was justified in his actions based on the overall erosion of trust between them.[4]

A defense to an alleged violation of the First Amendment is "showing that [the government] would have taken the same action even in the absence of the protected conduct." <u>See Moran v. State of Washington</u>, 147 F.3d 839, 846 (9th Cir. 1998) (citing <u>Board of County Comm'rs v. Umbehr</u>, 518 U.S. 668, 116 S.Ct. 2342, 2347, 135 L.Ed.2d 843 (1996)). Under the circumstances in this case, Defendant FREITAS clearly had an understandable need to transfer Plaintiff out of his Department. As the Eleventh Circuit held in <u>McCabe v. Sharrett</u>, 12 F.3d 1558, 1572 (11th Cir. 1994), "[i]t is a matter of common experience that loyalty and the ability to keep confidences are essential qualities in a personal secretary to a policymaker such as a police chief." Indeed, the "the police chief's office cannot function effectively unless the police chief's secretary is loyal to him and able to maintain the confidentiality of the office.

---

[4]    Plaintiff testified that her relationship with Defendant FREITAS began "deteriorat[ing]" in 1999, and that there was a "drastic change" in their relationship from January 2001, over one year before her transfer as Defendant FREITAS' secretary. Plaintiff also seized Defendant FREITAS' gun without any authority, and then lied about it because she was allegedly afraid of Defendant FREITAS. Plaintiff then said that she was "uncomfortable" with Defendant FREITAS, and that she did not trust him and wanted a TRO against him. Plaintiff also complained that functioning in her prior "dual role as secretary to the Chief of Police of the KPD and the Kauai Police Commission" was not working for her. Moreover, Plaintiff complained of being "stuck in the middle." Clearly, the relationship was strained, and could not continue. Plaintiff, through her own brazen and unprofessional behavior, related in no uncertain terms that she did not want to continue working with Defendant FREITAS. Plaintiff therefore cannot now rely upon her transfer as a purported adverse employment action when it was evidently necessary and warranted under the circumstances.

Id. at 1571.  Indeed, "[i]t seems self-evident that you cannot

run a government with officials who are forced to keep [their]

enemies as their confidential secretaries."  See Daniel v.

Woodward, 886 F.2d 311 (11th Cir. 1989) (citations omitted).

### F.    Punitive Damages

To sustain a punitive damages claim pursuant to

Medeiros v. Kondo, 55 Haw. 499, 522 P.2d 1269 (1974), Plaintiff

must plead and prove by clear and convincing evidence that

Defendant FREITAS acted with malice toward Plaintiff, and not for

an otherwise proper purpose.  Id., at 505, 522 P.2d at 1272.

Here, Plaintiff has not set forth any clear and convincing

evidence that Defendant FREITAS acted with malice.

## VII.  PREVIOUS MOTIONS

1.  Defendant George Freitas' Motion To Strike Portions

of the Complaint and Attachments filed March 11, 2003.  GRANTED

to the extent that Exhibits A-C, E-G and M-O to the Complaint are

stricken as unduly prejudicial to Defendant FREITAS and

duplicative.  DENIED to extent that Defendant FREITAS seeks to

strike Exhibits D and J as these exhibits were stipulated to in

State Court Action.  DENIED to extent Defendant FREITAS seeks to

strike paragraphs 2, 12-18, 20 and 24-25 of the Complaint.

Plaintiff instructed to remove Complaint and replace removed

Complaint with a Complaint in form consistent with Court's order.

2.   Plaintiff's Motion For Partial Summary Judgment as to Her Violation of Freedom of Speech Claim filed August 25, 2003.  DENIED.

3.   Defendant George Freitas' Motion For Summary Judgment filed December 17, 2003.  GRANTED as to Count I (Denial of Due Process) of the Complaint as Plaintiff did not oppose the motion and admits she was an at-will, exempt employee.  DENIED as to Count II (Violation of Right of Freedom of Speech) of the Complaint and that Defendant FREITAS not entitled to qualified immunity as to Count II.

4.   Defendant George Freitas' Motion For Reconsideration of Order Denying Motion For Summary Judgment, Entered on 3/09/04 or in the Alternative, Certification for Interlocutory Appeal.  GRANTED insofar as Plaintiff's testimony to Investigator Ko does not constitute speech addressing a matter of public concern.  DENIED as to remainder of the motion for reconsideration.  Court DENIED Defendant FREITAS' alternative request for certification for interlocutory appeal as unnecessary.

5.   Plaintiff's Motion To Extend The Fed. R. Civ. P. 26 Experts Witness Disclosures and Report filed April 5, 2004. DENIED.

6.   Non-Party Peter Nakamura's Counter Motion To Quash Subpoena Duces Tecum or in the Alternative For Protective Order filed April 22, 2004.  GRANTED.

7.    Plaintiff's Motion to Enforce Subpoena Duces Tecum Served on March 4, 2004 filed May 11, 2004.  DENIED.

8.    Defendant George Freitas' Second Motion For Reconsideration Re: Defendant George Freitas' Motion For Summary Judgment Filed December 17, 2003 filed May 17, 2004.  DENIED.

9.    Plaintiff's Request For Sanctions filed May 21, 2004.  DENIED.

10.    Notice of Appeal filed May 28, 2004.  Defendant FREITAS appeals to the United State Court of Appeals for the Ninth Circuit from (1) the Order Denying Defendant's Motion for Summary Judgment entered on March 9, 2004, and (2) the Order Granting In Part And Denying In Part Defendant George Freitas' Motion For Reconsideration Of Order Denying Motion For Summary Judgment, Entered On March 9, 2004 Or In The Alternative, Certification For Interlocutory Appeal entered on April 28, 2004.

11.    Defendant George Freitas' Motion To Stay Proceedings Under the Colorado River Doctrine filed August 2, 2004.  DENIED.

12.    Defendant George Freitas' Motion As Re-Construed As A Motion To Stay Pending Resolution of His Interlocutory Appeal.  GRANTED.

## VIII.  <u>WITNESSES TO BE CALLED</u>

Defendant FREITAS may call the following witnesses at trial who are expected to testify as to liability and/or damages:

-23-

1.    George Freitas, c/o Watanabe Ing & Komeiji LLP, 999 Bishop Street, 23rd Floor, Honolulu, Hawaii, 96813, is expected to testify regarding liability.

2.    Dede Wilhelm, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability.

3.    Norman J.N. Holt, Sr., c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability.

4.    Stanton K. Pa, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability.

5.    Victor Punua, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability.

6.    Members of the Kauai County Police Commission, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability.

7.    Maryanne W. Kusaka, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability.

8.    Bryan J. Baptiste, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability and damages.

9.    Hartwell H.K. Blake, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify as to non-privileged matters relating to liability.

10.    Vivian Akina, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability and damages.

11.    Clayton Arinaga, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability.

12.    Estelle Furuike, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability.

13.    Margaret Sueoka, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify as to non-privileged matters relating to liability.

14.    Wilfred Ihu, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, is expected to testify regarding liability.

15.    John Ko, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability.

16.    Laurel Loo, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii

96766, may testify as to non-privileged matters relating to liability.

17.   Donald Travasso, address unknown, may testify regarding liability.

18.   Alice Worthy, c/o Department of Commerce and Consumer Affairs, 1010 Richards Street, 1st Floor, Honolulu, Hawaii, 96813 may testify regarding liability.

19.   Michael Machado, address unknown, may testify regarding liability and damages.

20.   Karen Matsumoto, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability and damages.

21.   Tom Takatsuki, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability and damages.

22.   Ken Villabrille, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability and damages.

23.   Malcolm Fernandez, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability and damages.

24.   Allan Tanigawa, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability and damages.

25.  Wes Kaui, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability.

26.  Gayle Kuboyama, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability.

27.  Steve Sueoka, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability.

28.  Miles Tanabe, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability.

29.  Vernon Basuel, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability.

30.  Christina Pilkington, c/o Department of the County Attorney, County of Kauai, 4444 Rice Street, Suite 220, Lihue, Hawaii 96766, may testify regarding liability and damages.

31.  Jacquelyn Tokashiki, c/o Clayton Ikei, 1440 Kapiolani Blvd., Suite 1203, Honolulu, Hawaii 96814, may to testify regarding liability and damages.

32.  Custodian of Records and/or Other Representative of the County of Kauai, Kauai Police Department, 3990 Kaana Street, Lihue, Hawaii 96766, may testify as to liability and damages, including the authenticity of documents.

33.    Custodian of Records and/or Other Representative of the County of Kauai, Kauai Police Department, Personnel Division, 3990 Kaana Street, Lihue, Hawaii 96766, may testify as to liability and damages, including the authenticity of documents.

34.    Custodian of Records and/or Other Representative of the County of Kauai, Kauai Police Commission, 3990 Kaana Street, Lihue, Hawaii 96766, may testify as to liability and damages, including the authenticity of documents.

35.    Custodian of Records and/or Other Representative of the County of Kauai, Department of Personnel Services, 4444 Rice Street, Lihue, Hawaii 96766, may testify as to liability and damages, including the authenticity of documents.

36.    Custodian of Records and/or Other Representative of American Savings Bank, Financial Plaza of the Pacific, 915 Fort Street, 2nd Floor, Honolulu, Hawaii 96813, may testify as to liability and damages, including the authenticity of documents.

37.    Custodian of Records and/or Other Representative of the Hawaii Government Employees Association, 888 Mililani Street, Suite 101, Honolulu, Hawaii 96813, may testify as to liability and damages, including the authenticity of documents.

38.    Custodian of Records and/or Other Representative of Byron A. Eliashof, M.D., Inc., 615 Piikoi Street, Suite 1509, Honolulu, Hawaii 96814, may testify as to liability and damages, including the authenticity of documents.

-28-

39. Byron Eliashof, M.D., 615 Piikoi Street, Suite 1509, Honolulu, Hawaii 96814, may testify as to damages, including his independent medical examinations of Plaintiff Jacquelyn Tokashiki.

40. Robert J. Sbordone, Ph.D., 24422 Avenida de la Carlota, Suite 270, Laguna Hills, California 92653, will testify as to damages, including his independent psychological examinations of Plaintiff Jacquelyn Tokashiki, his review of the treatment rendered by Patrick McGivern, Ph.D. and his review of Dr. McGivern's deposition testimony.

41. Any person listed in Plaintiff's Pre-Trial Statement, Disclosure Statement or any amendments or supplements thereto.

42. Defendant FREITAS reserves the right to call additional and/or rebuttal witnesses as necessary.

IX. **EXHIBITS, SCHEDULES and SUMMARIES**

The parties' trial exhibits and exhibit lists are due to be exchanged on March 27, 2007. The following is a preliminary list of exhibits, schedules and summaries.

-29-

| Bates No. | Description |
|-----------|-------------|
| 5241015-5241016 (Pltff); 162-163 (KPD Personnel Division records) | Dept. of Personnel Services County of Kauai Position Description re Position No. E-24 Private Secretary to Chief of Police dated July 9, 1981. Sponsoring witnesses: Plaintiff, Vivian Akina, Custodian of Records. |
| 75 (KPD Personnel Division records) | Employee's Claim For Compensation dated May 18, 1981. Sponsoring witnesses: Plaintiff, Vivian Akina, Custodian of Records. |
| 74 (KPD Personnel Division records) | WC-1 Employer's Report of Industrial Injury re Case No. 81/17 dated June 16, 1981. Sponsoring witnesses: Plaintiff, Vivian Akina, Custodian of Records. |
| 76 (KPD Personnel Division records) | Medical Excuse Slip dated May 18, 1981 re industrial accident on 5/14/81. Sponsoring witnesses: Plaintiff, Vivian Akina, Custodian of Records |
| 77 (KPD Personnel Division records) | Application For Leave of Absence signed by Plaintiff on May 19, 1981. Sponsoring witnesses: Plaintiff, Vivian Akina, Custodian of Records. |
| 78 (KPD Personnel Division records) | WC-2 Physician's Report re Case No. 81/17 dated July 1, 1981. Sponsoring witnesses: Plaintiff, Vivian Akina, Custodian of Records. |
| 79 (KPD Personnel Division records) | WC-3 Carrier's Case Report re Case No. 81/17 dated December 31, 1981. Sponsoring witnesses: Plaintiff, Vivian Akina, Custodian of Records. |
| | County of Kauai Employee's Notice of Industrial Injury dated July 10, 1995. Sponsoring witnesses: Plaintiff, Custodian of Records. |

| Bates No. | Description |
|---|---|
| 96-119 (Eliashof records) | Report by Byron A. Eliashof, M.D. to Curtis Tsuda dated December 23, 1995 re psychiatric evaluation on 11/9/95.  Sponsoring witnesses: Byron A. Eliashof, M.D., Plaintiff, Custodian of Records. |
| | Report by Mark Dillen Stitham, M.D. to Jean Akamine dated November 2, 1998 re psychiatric evaluation on 7/22/98.  Sponsoring witnesses: Mark Dillen Stitham, M.D., Custodian of Records. |
| 121 (KPD Personnel Division records) | Employee's Accident/Injury Report signed by Jacquelyn K. Tokashiki on May 13, 2002. Sponsoring witnesses: Plaintiff, Custodian of Records. |
| 11-43 (Eliashof records) | Report by Byron A. Eliashof, M.D. to Seis K. Arechy dated June 25, 2003 re 5/14/03 psychiatric evaluation of Plaintiff.  Sponsoring witnesses: Byron A. Eliashof, M.D., Plaintiff, Custodian of Records. |
| 00024-00050 (Eliashof records) | Report by Byron A. Eliashof, M.D. to Seis K. Arechy dated February 28, 2005 re 8/5/04 psychiatric re-evaluation of Plaintiff. Sponsoring witnesses: Byron A. Eliashof, M.D., Plaintiff, Custodian of Records. |
| 00021 (Eliashof records) | Letter from Jonathan H. Chun to Byron A. Eliashof, M.D. dated July 28, 2005 re reports by Patrick McGivern, Ph.D. and Dennis R. Scheppers, M.D. Sponsoring witnesses: Byron A. Eliashof, M.D., Custodian of Records. |
| 00016-00020 (Eliashof records) | Letter from Byron A. Eliashof, M.D. to Jonathan H. Chun dated August 10, 2005 re reports by Patrick McGivern, Ph.D. and Dennis R. Scheppers, M.D. Sponsoring witnesses: Byron A. Eliashof, M.D., Custodian of Records. |

| Bates No. | Description |
|---|---|
| 00012-00015 (Eliashof records) | Letter from Jonathan H. Chun to Byron A. Eliashof, M.D. dated August 17, 2006 re Plaintiff's sick leave records and attached leave records for 2002 and 2003.  Sponsoring witnesses: Byron A. Eliashof, M.D., Custodian of Records. |
| 00009-00011 (Eliashof records) | Letter from Byron A. Eliashof, M.D. to Jonathan H. Chun dated August 10, 2005 re reports by Patrick McGivern, Ph.D. and Dennis R. Scheppers, M.D. Sponsoring witnesses: Byron A. Eliashof, M.D., Custodian of Records. |
|  | Compromise and Settlement Agreement dated January 4, 2007 in Case No. AB 2003-504K (4-02-00552) Labor and Industrial Relations Board, State of Hawaii.  Sponsoring witnesses: Plaintiff |
| 5240470-5240497 (Pltff) | Standards of Conduct, Police Department, County of Kauai. |
|  | Rules of the Kauai County Police Commission - Rules on Administrative Practice and Procedure. |
| 5240125 (Pltff) | Letter from George Freitas to Hartwell Blake, County Attorney dated August 22, 2001.  Sponsoring witnesses: George Freitas, Hartwell Blake. |
| 5240126 (Pltff) | Letter from George Freitas to Hartwell Blake, County Attorney dated August 23, 2001.  Sponsoring witnesses: George Freitas, Hartwell Blake. |
|  | Letter from Plaintiff to Chair Dede Wilhelm, Mayor Maryanne Kusaka and County Attorney Hartwell Blake dated August 27, 2001 with attachment (letter from George Freitas to Hartwell Blake dated 8/23/01). Sponsoring witnesses: Plaintiff, Dede Wilhelm, Maryanne Kusaka, Hartwell Blake. |

| Bates No. | Description |
|---|---|
| 5241157 (Pltff) | Letter from Hartwell Blake, County Attorney to Plaintiff dated September 13, 2001. Sponsoring witnesses: Hartwell Blake, Plaintiff. |
| 5241453; 5240134 (Pltff) | Article, "Kaua'i Chief Beseiged," by Joan Conrow in October 2001 issue of Honolulu Magazine. Sponsoring witnesses: Joan Conrow. |
| 5240135- 5240136 (Pltff) | Letter from Plaintiff to Editor of Honolulu Magazine dated October 22, 2001. Sponsoring witnesses: Plaintiff |
| 5241452 (Pltff) | Plaintiff's letter to Editor of Honolulu Magazine in January 2002 issue of Honolulu Magazine. Sponsoring witnesses: Plaintiff. |
| | Memorandum from Plaintiff to John Ko dated November 15, 2001 re Police Commission Interview - Chief George Freitas. Sponsoring witnesses: Plaintiff. |
| | Statement of Jacquelyn Tokashiki (given to John Ko on 11/14/01) dated November 19, 2001. |
| 12 (KPD Personnel Division records) | Letter from George Freitas to Plaintiff dated April 26, 2002. Sponsoring witnesses: George Freitas, Plaintiff, Custodian of Records. |
| 5241354; 5241409 (Pltff) | County of Kauai Department of Personnel Services Payroll Certification dated May 21, 2002 re dismissal at close of business 05/31/02. Sponsoring witnesses: Malcolm Fernandez, Karen Matsumoto, Vivian Akina, George Freitas, Plaintiff, Custodian of Records. |
| 5241353; 5241408 (Pltff) | County of Kauai Department of Personnel Services Payroll Certification dated June 3, 2002 re correction PC - termination at close of business on 05/31/02. Sponsoring witnesses: Malcolm Fernandez, Karen Matsumoto, Vivian Akina, Wilfred Ihu, Plaintiff, Custodian of Records. |

| Bates No. | Description |
|---|---|
| 5241352;<br>5241407<br>(Pltff) | County of Kauai Department of Personnel Services Payroll Certification dated June 10, 2002 re cancel PC pursuant to Court Order, Civil No. 02-1-0086.  Sponsoring witnesses: Malcolm Fernandez, Karen Matsumoto, Vivian Akina, Wilfred Ihu, Plaintiff, Custodian of Records. |
| 5241351<br>(Pltff) | County of Kauai Department of Personnel Services Payroll Certification dated July 10, 2002 re pay increase pursuant to Executive Order 01-01. Sponsoring witnesses: Malcolm Fernandez, Karen Matsumoto, Vivian Akina, Wilfred Ihu, Plaintiff, Custodian of Records. |
| 2-3 (KPD Personnel Division records) | Employment & Change in Status Record re Jacquelyn K. Tokashiki.  Sponsoring witnesses: Vivian Akina, Custodian of Records. |
| 6-9 (KPD Personnel Division) | Order Granting Plaintiff's Motion For Issuance of Temporary Retraining Order filed on June 3, 2002 in Civ. No. 02-1-0086, Circuit Court of the Fifth Circuit, State of Hawaii.  Sponsoring witnesses: Plaintiff, Custodian of Records. |
| 51 (KPD Personnel Division records) | Leave Record for 2001 re Jacquelyn K. Tokashiki. Sponsoring witnesses: Vivian Akina, Custodian of Records. |
| 50 (KPD Personnel Division records) | Leave Record for 2002 re Jacquelyn K. Tokashiki. Sponsoring witnesses: Vivian Akina, Custodian of Records. |
| 49 (KPD Personnel Division records) | Leave Record for 2003 re Jacquelyn K. Tokashiki. Sponsoring witnesses: Vivian Akina, Custodian of Records. |

| Bates No. | Description |
|---|---|
| 48 (KPD Personnel Division records) | Leave Record for 2004 re Jacquelyn K. Tokashiki. Sponsoring witnesses: Vivian Akina, Custodian of Records. |
| | Amended Leave Record for 2004 re Jacquelyn K. Tokashiki.  Sponsoring witnesses: Vivian Akina, Custodian of Records. |
| | Letter from Laurel Loo to Clayton Ikei dated March 3, 2003 re removal of Jacquelyn Tokashiki as secretary to Police Commission.  Sponsoring witnesses: Laurel Loo, Plaintiff. |
| 134-140 (KPD Personnel Division records) | Memorandum from Vivian Akina to Seis K. Arechy re Jacquelyn K. Tokashiki's sick leave credits and attachments.  Sponsoring witness: Vivian Akina, Custodian of Records. |
| 124 (KPD Personnel Division records) | County of Kauai Election of Workers' Compensation Benefits dated May 1, 2003.  Sponsoring witnesses: Plaintiff, Custodian of Records. |
| 142-156 (KPD Personnel Division records) | Memorandum from Vivian Akina to Ken Villabrille dated February 28, 2004 re  schedule to pay Jacquelyn K. Tokashiki's TTD and attachments (TTD Voucher from Sharleen Ramones to Vivian Akina dated 11/25/03 and Disability Worksheets prepared by Vivian Akina). Sponsoring witnesses: Vivian Akina, Ken Villabrille, Custodian of Records. |
| 141 (KPD Personnel Division records) | Memorandum from Vivian Akina to Ken Villabrille dated March 4, 2004 re amended schedule to pay Jacquelyn K. Tokashiki's TTD.  Sponsoring witnesses: Vivian Akina, Ken Villabrille, Custodian of Records. |

| Bates No. | Description |
|---|---|
| 157 (KPD Personnel Division records) | Email from Vivian Akina to Plaintiff sent February 28, 2004 at 4:03 p.m. re sick leave credits; email from Plaintiff to Vivian Akina sent February 22, 2004 at 6:42 a.m. re sick leave credits. Sponsoring witnesses: Vivian Akina, Plaintiff, Custodian of Records. |
| 158 (KPD Personnel Division records) | Email from Vivian Akina to Plaintiff sent March 1, 2004 at 8:08 a.m. re sick leave credits; email from Plaintiff to Vivian Akina sent February 28, 2004 at 10:53 p.m. re sick leave credits. Sponsoring witnesses: Vivian Akina, Plaintiff, Custodian of Records. |
| 159 (KPD Personnel Division records) | Email from Vivian Akina to Plaintiff sent March 3, 2004 at 5:13 p.m. re sick leave credits; email from Plaintiff to Vivian Akina sent February 28, 2004 at 10:53 p.m. re sick leave credits. Sponsoring witnesses: Vivian Akina, Plaintiff, Custodian of Records. |
| 00100-00101 (American Savings Bank records) | Equity Powerline Application dated March 19, 2004 signed by Plaintiff and listing County as employer. Sponsoring witnesses: Plaintiff |
|  | Letter from Mayor Bryan J. Baptiste to Plaintiff dated May 10, 2004 re termination of employment with County. Sponsoring witnesses: Bryan J. Baptiste, Plaintiff. |
|  | Declaration of Jacquelyn K. Tokashiki dated November 30, 2006 in Civil No. 02-1-0086, Circuit Court of the Fifth Circuit, State of Hawaii. Sponsoring witnesses: Plaintiff |
| 000053 (Pltff) | W-2 Wage and Tax Statement for 2002 re Plaintiff. Sponsoring witness: Plaintiff. |

| Bates No. | Description |
|-----------|-------------|
| 000054-000062 (Pltff); 00111-00123 (American Savings Bank) | Form 1040 U.S. Individual Income Tax Return for 2002 re Plaintiff.  Sponsoring witnesses: Plaintiff. |
| 000063-000064 (Pltff) | Form N-11 State of Hawaii - Dept. of Taxation Individual Income Tax Return for 2002 re Plaintiff.  Sponsoring witnesses: Plaintiff. |
| 000065 (Pltff); 00102 (American Savings Bank) | W-2 Wage and Tax Statement for 2003 re Plaintiff. Sponsoring witness: Plaintiff. |
| 000066-000072 (Pltff) | Form 1040 U.S. Individual Income Tax Return for 2003 re Plaintiff.  Sponsoring witnesses: Plaintiff. |
| 000073-000077 (Pltff) | Form N-11 State of Hawaii - Dept. of Taxation Individual Income Tax Return for 2003 re Plaintiff.  Sponsoring witnesses: Plaintiff. |
|  | Form N-172 State of Hawaii - Dept. of Taxation Claim for Tax Exemption by Person with Impaired Sight or Hearing or by Totally Disabled Person and Physician's Certification.  Sponsoring witness: Plaintiff. |
| 00021-00022 (McGivern records) | Letter and questionnaire from Patti Inoue, M.Ed. CRC to Patrick McGivern, Ph.D. dated January 16, 2007 re Jacquelyn Tokashiki.  Sponsoring witness: Patrick McGivern, Ph.D. |

| Bates No. | Description |
|---|---|
| 1-122 | Deposition of Nancy Lind Taken Upon Written Interrogatories on April 14, 2004 re records of Byron A. Eliashof, M.D., Inc. re Jacquelyn K. Tokashiki; records.  Sponsoring witness: Byron A. Eliashof, M.D. and/or Custodian of Records. |
| 00001-00073 | Deposition of Nancy Lind Taken Upon Written Interrogatories on January 22, 2004 re records of Byron A. Eliashof, M.D., Inc. re Jacquelyn K. Tokashiki; records.  Sponsoring witness: Byron A. Eliashof, M.D. and/or Custodian of Records. |
|  | Plaintiff's Responses and Objections To Defendant George Freitas' First Request for Answer to Interrogatories dated May 21, 2004.  Sponsoring witnesses: Plaintiff. |
|  | Curriculum vitae of Byron A. Eliashof, M.D. Sponsoring witnesses: Byron A. Eliashof, M.D. |
|  | Curriculum vitae of Robert J. Sbordone, Ph.D. Sponsoring witnesses: Robert J. Sbordone, Ph.D. |
|  | Report of Robert J. Sbordone, Ph.D. re February 28, 2007 psychological examination and evaluation of Plaintiff.  Sponsoring witness: Robert J. Sbordone, Ph.D. |

Defendant FREITAS reserves the right to add additional documents and/or transcripts of depositions disclosed or taken as allowed by the applicable rules of procedure.

**X.    FURTHER DISCOVERY OR MOTIONS**

    **A.    Discovery**

The parties have agreed to extend the discovery deadline to allow Defendant FREITAS the opportunity to take the

deposition of Dennis R. Scheppers, M.D., who is Plaintiff's current primary care physician. Dr. Scheppers deposition is currently scheduled for March 9, 2007 at the Kauai Medical Clinic in Lihue.

      B.   **Motions**

On November 22, 2006, Defendant FREITAS filed Defendant George Freitas' Motion For Summary Judgment. Briefing is completed and the Motion is set for hearing on March 12, 2007 at 9:30 a.m. before District Judge Alan C. Kay.

## XI.   STIPULATIONS

Pursuant to the agreement of the parties, Robert J. Sbordone, Ph.D. conducted an independent psychological evaluation ("IPE") of Plaintiff on February 28, 2007. The parties have agreed to enter into a stipulation to modify the Amended Rule 16 Scheduling Order [filed September 28, 2006] to extend the deadline for Defendant FREITAS to submit the Dr. Sbordone's report to March 20, 2007. On March 5, 2007, the stipulation was sent to Plaintiff's counsel for signature.

## XII.   AMENDMENTS AND DISMISSALS

None at this time.

## XIII.   SETTLEMENT DISCUSSION

On January 29, 2007, a settlement conference in this matter was held before Magistrate Judge Leslie E. Kobayashi. The parties were unable to arrive at a settlement.

## XIV.  <u>AGREED STATEMENT</u>

The presentation of this action, in whole or in part, upon an agreed statement of facts is neither feasible nor desired.

## XV.  <u>BIFURCATION, SEPARATE TRIAL OF ISSUES</u>

Bifurcation of trial is neither feasible nor desired.

## XVI.  <u>REFERENCE TO MASTER OR MAGISTRATE JUDGE</u>

Reference to a Master or Magistrate is neither feasible nor desired.

## XVII.  <u>APPOINTMENT AND LIMITATION OF EXPERTS</u>

Appointment of an impartial expert witness is neither feasible nor desired.

## XVIII.  <u>TRIAL</u>

Trial is currently set to commence on April 24, 2007 before District Judge Alan Kay.  Trial will be before a jury, as it was timely demanded by Plaintiff at the time the Complaint was filed.

## XIX. <u>ESTIMATE OF TRIAL TIME</u>

It is anticipated that trial will be completed in three (3) weeks.

## XX.  <u>CLAIMS OF PRIVILEGE OR WORK PRODUCT</u>

When Plaintiff filed her complaint, she attached a number of documents as exhibits which were clearly privileged and

contained highly confidential information that was not to be
disclosed publicly.  This Court has already issued an order
striking Exhibits "A", "B", "C", "E", "F", "G", "M", "N" and "O"
from the Complaint.  Plaintiff has also improperly disclosed and
used in the course of this litigation confidential and privileged
Kauai Police Commission Executive Session minutes and
confidential information concerning the investigation or
disposition of charges of misconduct brought against Defendant
FREITAS in August of 2001.

     Defendant FREITAS asserts that these documents are (a)
privileged as attorney-client communications, (b) strictly
confidential and contain information to which the individual has
a significant privacy interest under H.R.S. § 92F-14(b)(4), and
(c) are prohibited from disclosure pursuant to H.R.S. §§ 92-4,
92-5, and 92-9.  H.R.S. §§ 92-4, 92-5, and 92-9 create a
privilege for the minutes of confidential meetings of the Kauai
Police Commission.   Pursuant to H.R.S. § 92-9(b), disclosure of
the minutes of confidential executive meetings is prohibited.
See H.R.S. § 92-9(b); Attorney General Opinion 94-1 (the board
and commission members cannot disclose matters which would be
inconsistent with H.R.S. § 92-5(a)(2)).

## XXI.  <u>MISCELLANEOUS</u>

None at this time.

DATED:  Honolulu, Hawaii, March 6, 2007.

_____
JOHN T. KOMEIJI
GREGG M. USHIRODA
KAREN Y. ARIKAWA
Attorneys for Defendant
**GEORGE FREITAS**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JACQUELYN K. TOKASHIKI,           )    CIVIL NO. CV 03 00065 ACK KSC
                                  )
              Plaintiff,          )
                                  )    CERTIFICATE OF SERVICE
          v.                      )
                                  )
GEORGE FREITAS, Individually      )
and in his capacity as Chief of   )
Police, County of Kauai, JOHN     )
DOES 1-5 AND  JANE DOES 1-5,      )
                                  )
              Defendants.         )
                                  )
_____ )

## CERTIFICATE OF SERVICE

          The undersigned hereby certifies that on this date a

copy of DEFENDANT GEORGE FREITAS' FINAL PRETRIAL STATEMENT was

duly served electronically through CM/ECF and/or mailing same,

U.S. Postage prepaid, on the following parties to their last

known address on March 6, 2007:

          **CLAYTON C. IKEI, ESQ.**
          **JERRY P.S. CHANG, ESQ.**
          ccioffice@hawaii.rr.com
          1440 Kapiolani Blvd., Suite 1203
          Honolulu, Hawaii 96814

          Attorneys for Plaintiff
          JACQUELYN K. TOKASHIKI

          DATED:  Honolulu, Hawaii, March 6, 2007.

                              _____
                              **JOHN KOMEIJI**
                              **GREGG M. USHIRODA**
                              **KAREN Y. ARIKAWA**
                              Attorneys for Defendant George
                              Freitas, Individually and in
                              his capacity as Chief of
                              Police, County of Kauai