IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACQUELYN K. TOKASHIKI,<br><br>    Plaintiff,<br><br>  v.<br><br>GEORGE FREITAS, Individually<br>and in his capacity as Chief of<br>Police, County of Kauai, JOHN<br>DOES 1-5 AND JANE DOES 1-5,<br><br>    Defendants. | ) CIVIL NO. CV 03 00065 ACK LEK<br>)<br>) MEMORANDUM IN SUPPORT OF EX<br>) PARTE MOTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF
AMENDED EX PARTE MOTION**

I.  **INTRODUCTION**

Pursuant to Rule 7 of the Federal Rules of Civil Procedure ("FRCP"), and Local Rule 7.2 of the Rules of the United States District Court for the District of Hawaii ("Local Rules"), Defendant GEORGE FREITAS ("FREITAS") respectfully requests that this Court enter an order to seal Exhibits "A" and "B" attached to FREITAS' Expert Disclosures, which was filed in this Court on March 20, 2007.

II.  **FACTUAL BACKGROUND**

On March 20, 2007, counsel for FREITAS inadvertently submitted FREITAS' Expert Disclosures to this Court for filing without seeking to seal Exhibits "A" and "B" attached thereto. Exhibit "A" to the Expert Disclosures contains the Neuropsychological Assessment of Plaintiff JACQUELYN K. TOKASHIKI

("Plaintiff") which was prepared by FREITAS' expert, Robert J. Sbordone, Ph.D. Exhibit "B" to the Expert Disclosures contains the Curriculum Vitae of Dr. Sbordone. Both Exhibits "A" and "B" contain confidential information that should not be subject to disclosure to the public.

### III. ARGUMENT

If a document does not fall within one of the two categories of "traditionally kept secret" documents,[1] then the party seeking to seal the judicial record must satisfy the "compelling reason" standard. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "That is, the party must 'articulate compelling reasons supported by specific factual findings.'" See id. (citations omitted). In general:

> "[C]ompelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.

See id. at 1179 (citations omitted). This list, however, is not exhaustive.

As will be detailed below, "compelling reasons" that are not listed or addressed in Kamakana exist here to outweigh

---

[1] The two recognized categories of "traditionally kept secret" documents include: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).

the public's interest in the disclosure of Exhibits "A" and "B" to Freitas' Expert Disclosures.  FREITAS accordingly requests that the instant Ex Parte Motion be granted.

### A. Exhibit "A" Attached to FREITAS' Expert Disclosures Contains Confidential Medical Information Protected From Public Disclosure

The information sought to be sealed in Exhibit "A" consists of the Neuropsychological Assessment of Plaintiff.  See Declaration of Gregg M. Ushiroda ("Ushiroda Dec") at ¶ 3.  The Neuropsychological Assessment is a 102-paged report that contains Plaintiff's medical information "including details of treatment, diagnoses, prescriptions, and other sensitive information that cannot easily be redacted without rendering the documents meaningless."  See Lockyer v. Hawaii Pacific Health, WL 128853 at *1 (D.Haw. 2007).  Courts have uniformly considered such information Constitutionally protected.

According to the Ninth Circuit, "Individuals have a constitutionally protected interest in avoiding 'disclosure of personal matters,' including medical information."  See Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004) (citing Whalen v. Roe, 429 U.S. 589, 599, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977)).  Under Whalen and its progeny, Plaintiff has a privacy interest in maintaining the confidentiality of her medical information, and the disclosure of the Neuropsychological Assessment of Plaintiff to the general public would violate

Plaintiff's privacy rights. Accordingly, "compelling reasons" that outweigh the public's interest in disclosure exist to warrant the sealing of Exhibit "A" of FREITAS' Expert Disclosures in order to preserve the confidential and sensitive nature of the Neuropsychological Assessment.

B. **Exhibit "B" Attached to FREITAS' Expert Disclosures Contains Personal Data That Should Be Protected From Public Disclosure**

The information sought to be sealed in Exhibit "B" consists of the Curriculum Vitae of FREITAS' expert, Robert J. Sbordone, Ph.D. See Ushiroda Dec at ¶ 5. The Curriculum Vitae contains Dr. Sbordone's date of birth which is specifically protected from disclosure by the Amended General Order Adopting Electronic Case Filing Procedures, filed in the United States District Court, District of Hawaii on February 1, 2006 ("Amended General Order").

The Amended General Order provides that "parties shall refrain from including, or shall partially redact where inclusion is necessary" personal data identifiers, including dates of birth, "from all documents and pleadings filed with the court, including exhibits thereto, whether filed electronically or in paper, unless otherwise ordered by the court. . ." See Amended General Order, § 11.1(c).

Pursuant to the Amended General Order, Dr. Sbordone has a specifically identified privacy interest in maintaining the

- 4 -

confidentiality of his date of birth. In addition, Exhibit "B" also contains a highly detailed, 63-paged listing of Dr. Sbordone's professional background and history that may not be publically available elsewhere. Accordingly, disclosure of Exhibit "B", the Curriculum Vitae of Dr. Sbordone, to the general public would violate the terms of the Amended General Order, and infringe upon Dr. Sbordone's privacy interests in maintaining the confidentiality of his personal information. "Compelling reasons" thus appear to exist to warrant the sealing of Exhibit "B" of FREITAS' Expert Disclosures in order to preserve the confidential nature of the information contained in Dr. Sbordone's Curriculum Vitae. In the alternative, if this Court is not inclined to seal Exhibit "B" in its entirety, FREITAS requests authority to redact, at the very minimum, Dr. Sbordone's date of birth from the record.

### IV.   CONCLUSION

For the foregoing reasons, FREITAS respectfully requests that this Court enter the attached Order Granting Defendant George Freitas' Ex Parte Motion to File Under Seal Exhibits "A" and "B" Attached to His Expert Disclosures Filed On March 20, 2007, and order all parties receiving copies of FREITAS' Expert Disclosures to preserve and protect the

confidentiality of the information contained in Exhibits "A" and "B" attached thereto.

DATED: Honolulu, Hawaii, March 22, 2007.

_____
JOHN T. KOMEIJI
GREGG M. USHIRODA
KAREN Y. ARIKAWA
Attorneys for Defendant
George Freitas, Individually and
in his capacity as Chief of Police,
County of Kauai